In re **PERMA PACIFIC PROPERTIES,** a general partnership, Debtor.

David A. **GILL,** Trustee, Appellee,

v.

Eustace H. **WINN,** Jr., **Appellant.**

No. 92–1116.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1992.

Delores B. Kopel, Denver, CO, James J. Joseph, of Danning, Gill & Diamond, Los Angeles, CA, for appellee.

Jeffrey L. Beattie, Denver, CO, Joseph N. Mole, of Lemle & Kelleher, New Orleans, LA, for appellant.

Before MOORE and TACHA, Circuit Judges, and SAFFELS,* Senior District Judge.

JOHN P. MOORE, Circuit Judge.

On August 25, 1986, appellant Eustace H. Winn, Jr. agreed to loan $800,000.00 to Perma Resources Corporation (PRC), $400,-000.00 of which was actually advanced to the corporation. As part of the collateral for the loan, Winn took a security interest in the form of a deed of trust on property owned by Perma Pacific Properties (debtor), a general partnership subsidiary of PRC. Winn recorded the deed on March 2, 1987.[1] On August 8, 1987, debtor filed a Chapter 11 bankruptcy petition, administering the estate as debtor in possession.

Winn filed a proof of claim against the bankruptcy estate and on September 13, 1988, the bankruptcy court allowed the property to be sold, ordering the net proceeds of $178,000.00 to be held in escrow

---

* Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. The parties have stipulated to the fact that March 2, 1987, is the date of transfer.

because of an objection to Winn's proof of claim filed by Kaiser Steel Corporation. In late 1989, a trustee was appointed who succeeded to the objection to proof of claim. Following a hearing, the bankruptcy court denied the objection and allowed Winn's claim as to the secured portion.[2]

On November 1, 1990, the trustee filed a complaint seeking to void the transfer as a preference pursuant to 11 U.S.C. § 547(b). Section 547(b) of the Bankruptcy Code empowers a trustee to void a transfer if the trustee can establish that the transfer was:

(1) a transfer of property of the debtor;

(2) to or for the benefit of a creditor;

(3) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(4) made while the debtor was insolvent;

(5) made on or within ninety days before the date of the filing of the petition, or between ninety days and one year before the date of the filing if the creditor was an insider; *and*

(6) the transfer enables the creditor to receive more than such creditor would receive if

(A) the case were under chapter 7 of Title 11;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by Title 11.

■ The trustee has the burden of proving that a transfer is voidable as a preference. Following a hearing, the bankruptcy court concluded that the trustee had met his burden and declared the transfer void as a preference in violation of § 547(b). Winn appealed and the district court affirmed the bankruptcy court's conclusion. In the bankruptcy court action, Winn argued that (1) the debt was not an antecedent debt of the debtor, (2) the debtor was not insolvent, and (3) Winn was not an insider with respect to the debtor. On appeal, the parties agree that the only element left in dispute is whether the antecedent debt owed to Winn is a debt of the debtor. We hold that it is and affirm.[3]

■ In reviewing a bankruptcy court decision we apply the same standards of review as those governing appellate review in other cases. *See In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir.1990). "[W]e review the bankruptcy court's legal determinations *de novo*, and its factual findings under the clearly erroneous standard." *Id.* (citation omitted); Fed.R.Civ.P. 52(a). Findings of fact will not be disturbed unless, after reviewing the record, we are left with the conviction that a mistake has been made. *LeMaire By and Through LeMaire v. United States*, 826 F.2d 949, 953 (10th Cir.1987).

In its order voiding the transfer as preferential, the bankruptcy court found that, in light of its previous finding that Winn had a claim against the estate, it followed that he was a creditor of the estate. We agree with the bankruptcy court's reliance on the recent Supreme Court case, *Johnson v. Home State Bank*, — U.S. —, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991), in which the Court stated that a security interest in real property, (i.e., a mortgage), secures a creditor's right to repayment. *Id.*, — U.S. at —, 111 S.Ct. at 2153. The Court held that this interest survives a Chapter 7 discharge of the debtor's personal liability and can be reasserted in a Chapter 13 reorganization plan. *Id.*, — U.S. at — — —, 111 S.Ct. at 2153–54. "Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property." *Id.*, — U.S. at —, 111 S.Ct. at 2154. The Court had previously held that a "right to payment" is an enforceable obligation. *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S.

---

**2.** The bankruptcy court only allowed Winn's secured claim and refused to allow an unsecured claim for the deficiency.

**3.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

552, 559, 110 S.Ct. 2126, 2131, 109 L.Ed.2d 588 (1990).[4]

■ In the Bankruptcy Code, a "debt" is defined as "liability on a claim," 11 U.S.C. § 101(12), and a "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," *id.* § 101(5)(A). Because the Code defines a debt as a "liability on a claim," we conclude that the bankruptcy court was correct in determining that the debtor's "liability" on Winn's claim creates a right to payment and therefore a debt.

In *Smith v. Creative Financial Management, Inc. (In re Virginia–Carolina Financial Corp.)*, 954 F.2d 193 (4th Cir.1992), the Fourth Circuit decided a similar issue. The court held that, where the parties did not intend for any of the benefits of the loan to go to a third party, repayment of a loan by a debtor, on account of an antecedent debt, was a voidable preference even though the promissory note on the loan was signed by the third party. *Id.* at 197–98. The *Smith* court determined that, independent of the third party's promissory note, the debtor also incurred an obligation to repay as a form of guarantor. *Id.* at 198. We believe that, although this case is factually distinguishable from *Smith,* the Fourth Circuit's common sense approach applies equally as well here.

The debtor, in executing and delivering a deed of trust to Winn, incurred a separate and independent obligation to be responsible for the loan to PRC, at least to the extent of the value of the security. Although we have previously stated that intent is not a material question when deciding whether a transfer is preferential, *Johnson v. Barnhill (In re Antweil)*, 931 F.2d 689, 692 (10th Cir.1991), the parties do not dispute the fact that the intent of the loan was to pay creditors of PRC in order to keep them from attempting to pierce the corporate veil and threaten the assets of the debtor.

The Bankruptcy Code definitions express congressional intent that the terms "debt" and "claim" are coextensive: a creditor has a claim against the debtor; the debtor owes a debt to the creditor. *See Davenport,* 495 U.S. at 558, 110 S.Ct. at 2130–31; *see also Energy Coop., Inc. v. SOCAP Int'l, Ltd. (In re Energy Coop., Inc.)*, 832 F.2d 997, 1001 (7th Cir.1987) (when a creditor has a "claim" against a debtor, in whatever form, the debtor has incurred a "debt" to the creditor). We believe this reasoning is appropriate here. The debtor executed and delivered a deed of trust on its real property asset to Winn at the time that Winn extended the loan to debtor's parent corporation, PRC. Neither party refutes that a compelling reason for this loan was to hold PRC's creditors at bay and prevent them from reaching the debtor's assets. Winn recorded the deed six months after receiving it, thus effecting the transfer. Winn appears to concede that all § 547(b) criteria are met except whether the transfer was "for or on account of" an antecedent debt *of the debtor.* The deed of trust, signed by the debtor, states that it is being executed "for the purpose of securing payment of the indebtedness evidenced by a Promissory Note and Security Agreement executed by Perma Resources Corporation, dated August 25, 1986, in the principal sum of Eight Hundred Thousand Dollars." Appellant's App. at 31. We cannot but conclude that such a security interest is an "enforceable obligation" of the debtor. *Johnson,* —— U.S. at ——, 111 S.Ct. at 2154.

In *Torwico Electronics, Inc. v. State of New Jersey, Department of Environmental Protection (In re Torwico Electronics, Inc.)*, 131 B.R. 561 (Bankr.D.N.J.1991), the bankruptcy court, in deciding that a debtor's environmental cleanup obligation is a debt dischargeable in bankruptcy, discussed the definitions of "claim" and "debt" found in the bankruptcy code and

---

**4.** Although Congress overruled the result in *Davenport* in the Criminal Victims Protection Act of 1990, it left unchallenged the Court's conclusions regarding the broad definition to be given to a "claim" under the Bankruptcy Code. *Johnson,* —— U.S. at —— n. 4, 111 S.Ct. at 2154 n. 4.

emphasized the Congressional intent that these terms be construed very broadly. *Id.* at 566; *see also Wyle v. C.H. Rider & Family (In re United Energy Corp.),* 944 F.2d 589, 595 (9th Cir.1991) (Congress intended "debt" and therefore, "antecedent debt" to be construed broadly in context of deciding whether a transfer is fraudulent); *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588, 595 (11th Cir.1990) (for purposes of the Bankruptcy Code, the term "debt" is to be construed broadly and expansively).

"The Code does not require that a 'debt' be a contractual liability." *In re United Energy Corp.,* 944 F.2d at 595. In recent years the Supreme Court has held on several occasions that any enforceable obligation to pay is a claim of the creditor and a debt of the debtor for purposes of discharge in bankruptcy. *See Johnson,* —— U.S. at —— – ——, 111 S.Ct. at 2153–55 (mortgage lien survives Chapter 7 discharge of debtors personal liability to be includable in Chapter 13 reorganization plan); *Davenport,* 495 U.S. at 555, 110 S.Ct. at 2129 (criminal restitution orders are dischargeable as debts); *Ohio v. Kovacs,* 469 U.S. 274, 283, 105 S.Ct. 705, 710, 83 L.Ed.2d 649 (1985) (obligation under an injunction to clean up a hazardous waste site is a debt dischargeable in bankruptcy).

▮ It is the ultimate aim of the preference law in the Bankruptcy Code to insure that all creditors receive an equal distribution from the available assets of the debtor. *See In re Antweil,* 931 F.2d at 692. Although the intent or state of mind of the parties is not materially dispositive of whether or not a transfer is a preference, *id.,* we can see no impediment to allowing the bankruptcy court to look at the nature of the transaction and the relationship among the parties. *See In re United Energy Corp.,* 944 F.2d at 596 (as courts of equity, bankruptcy courts can consider the form of the transaction and the relationship of the parties). Winn's loan to PRC generated a benefit for the debtor. It kept the wolves from the door, at least for a period of time. The debtor's deed of trust to Winn produced a right to

payment from the debtor. The transfer depleted the estate of an asset which would otherwise be available for distribution to other creditors. This is precisely the situation that § 547 seeks to prevent. Therefore, we hold that the bankruptcy court's conclusion that the transfer of property from the debtor to Winn constituted a voidable transfer under § 547(b) of the Bankruptcy Code is not clearly erroneous.

Although we were not supplied with a clear explanation of the analysis the district court applied in affirming the bankruptcy court decision, both the bankruptcy court and the district court reached the correct result. Accordingly, we AFFIRM the judgment of the United States District Court for the District of Colorado.