**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 3 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

In re:  GLENN MILLER,

Debtor,

LINDA LILLIE RIGGS, as personal
representative of the estate of
MICHAEL W. LILLIE; CURT
LeROSSIGNOL,

Appellants,

v.

JOSEPH G. ROSANIA; TURKEY
CREEK LIMITED LIABILITY
COMPANY,

Appellees.

No. 98-1481
(D.C. No. 98-K-2143)
(D. Colo.)

ORDER AND JUDGMENT    *

Before **BRORBY, PORFILIO,**   and **MURPHY** , Circuit Judges.

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants Linda Lillie Riggs [1] and Curt LeRossignol [hereinafter "appellants"] appeal from the district court's order dismissing on jurisdictional grounds their bankruptcy appeal. Our jurisdiction arises under 28 U.S.C. §§ 158(d) and 1291.

## I. Background facts and proceedings

Appellants claim to be creditors and/or interest holders in the bankruptcy estate of Glenn Miller. In September 1998 appellants filed a motion for equitable relief in Miller's bankruptcy proceeding pursuant to Bankruptcy Rules 9023 and 9024. The motion sought modification of the bankruptcy court's May 13, 1998 order approving a settlement agreement between the parties to this appeal. The settlement agreement provided that appellee Joseph G. Rosania [hereinafter "the Trustee"] would market the estate's 6000 acres of real property appraised at

---

[1] Ms. Riggs and Mr. LeRossignol filed a suggestion of death of Michael W. Lillie in this court. They requested substitution of Ms. Riggs as a party to the appeal and that the caption be modified to reflect that substitution. We will grant that motion. Ms. Riggs also adopted the brief filed by Mr. LeRossignol's counsel of record and gave notice that Mr. LeRossignol's counsel would represent both parties upon the granting of the motion to substitute.

$45,000,000; that the property would be sold by October 1, 1998; and that the proceeds would be distributed according to the agreement. The agreement also provided that if the property did not sell by October 1, 1998, the Trustee would allow creditor/appellee Turkey Creek, L.L.C. to foreclose its $26,000,000 lien, and all of the estate's interest in the property would go to Turkey Creek. Appellants expressed their approval of the agreement at a hearing on the matter.

After the settlement agreement was approved, another entity known as the Tucker Group filed a claim with the bankruptcy court, alleging that it, and not the estate, owned 1700 acres of the property, thereby placing a cloud on the title. In July 1998 the court held a hearing on what the Trustee could sell in light of the Tucker Group's claims and entered an order approving a sale of the estate's interests in the property. Appellants did not object to the order. On September 4, 1998, the court entered an order authorizing the Trustee to accept a bid of $34,000,000 for the estate property.

On September 14, 1998, appellants filed a motion objecting to the September 4th order and also objecting, for the first time, to the orders approving the settlement agreement and the sale of the property. They asked for modification of the settlement agreement and the setting aside of the July 22 and September 4 orders approving the sale of the property. The basis of appellants' request was their claim that the settlement agreement had been entered into and

approved on the mistaken understanding of all parties that the estate owned, free of any other ownership claims, the full 6,000 acres of land. After a lengthy hearing, the bankruptcy court orally made several findings and conclusions, denied the motion, and issued a written minute order on September 22, 1998. *See* R. Doc. 1 attachment. The next day, the bankruptcy court filed a separate order on the matter, adopting its oral findings and conclusions and dating it nunc pro tunc to September 22. *See id.* Doc. 12 attachment.

Appellants filed both a notice of appeal and (in case the bankruptcy court's order was not considered to be a final, appealable order) a motion for leave to file an interlocutory appeal in the district court. They attached only the September 22 minute order to their motion. *See id.* Doc. 1. Appellees objected to the motion on jurisdictional grounds, arguing that the order was not reviewable because (1) appellants had failed to comply with the requirements of Bankruptcy Rule 8003, which requires the moving party to submit a statement of issues and relief sought and (2) appellants had failed to present sufficient legal justification for leave to appeal from an interlocutory order. In response, appellants submitted a statement of issues and changed their basis for review to an argument that the appeal was in fact one from a final order. The district court summarily denied the motion for leave to file an interlocutory appeal and dismissed the appeal without explanation.

Appellants filed a motion for reconsideration of the decision to dismiss the appeal, directing the court's attention to their claim that they had timely appealed from a final order. In response, appellees argued that the bankruptcy court order was not final because it was not set forth in a separate document as required by Bankruptcy Rule 9021. In reply, appellants submitted the bankruptcy court's separate order prepared on September 23 but filed nunc pro tunc to September 22. However, even though the district court had given appellants until November 30 to reply to appellees' response, without explanation the district court summarily denied the motion for reconsideration on November 23, before receiving appellants' reply with its attachment.

## II. Discussion

A. Jurisdiction. The first issue we must address is appellees' contention that we do not have jurisdiction because the bankruptcy court's September 22 minute order was not a final order under the separate document rule. Although appellees concede that the bankruptcy court's order filed nunc pro tunc to September 22 is a final order, *see* Appellees' Answer Br. at 13, appellees argue that appellants appealed only from the minute order and not from the separate final order. We disagree. Although appellants erred in attaching the wrong order to their motion to file an interlocutory appeal, their notice of appeal refers to the bankruptcy court's "September 22, 1998 [order] denying Movants' motion for

equitable relief." The bankruptcy court's final order was dated nunc pro tunc to September 22. Appellants subsequently submitted the correct order to the district court to clear up any confusion. The district court had jurisdiction to review the final, appealable order of the bankruptcy court and erred in dismissing the appeal. The district court's order dismissing the appeal from the bankruptcy court's final order is also a final, appealable order, and we thus have jurisdiction to review the bankruptcy court's order. *See* § 158(d); *State Gov't Creditors' Comm. for Property Damage Claims v. McKay, (In re Johns-Manville Corp.* ), 920 F.2d 121, 126-27 (2d Cir. 1990) (discussing two-step determination of jurisdiction over bankruptcy appeals); *cf. In re Andreuccetti* , 975 F.2d 413, 419 (7th Cir. 1992) (reversing district court's dismissal of bankruptcy appeal and affirming bankruptcy court's final order on merits because appellate court "may affirm the judgment of a lower court on any nonwaived ground supported by the record" as long as the merits have been fully briefed and are capable of resolution by the appellate court) .

B. Rule 9024 motion. The bankruptcy court ultimately decided the motion for equitable relief under Bankruptcy Rule 9024. *See* Supplemental R. Vol. II at 198-200, 207. This rule incorporates Federal Rule of Civil Procedure 60, and a decision made pursuant to it is reviewed under the same standard, which is for abuse of discretion. *See Golfland Entertainment Ctrs., Inc. v. Peak Inv., Inc. (In*

*re BCD Corp.)*, 119 F.3d 852, 857 (10th Cir. 1997); *Gill v. Winn (In re Perma Pac., Properties)*, 983 F.2d 964, 966 (10th Cir. 1992) (stating that appellate court applies the same standards of review in bankruptcy cases as those governing appellate review in other cases). In conducting that review, the factual findings of the bankruptcy court are reviewed for clear error and its legal conclusions are reviewed de novo. *See id.* We will reverse the bankruptcy court's determination based upon the exercise of its discretion under Rule 60(b) "only if we find a complete absence of a reasonable basis and are certain that the . . . decision is wrong." *State Bank of S. Utah v. Gledhill (In re Gledhill)*, 76 F.3d 1070, 1080 (10th Cir. 1996) (quotations omitted).

Appellants did not cite to that part of the record containing the bankruptcy court's challenged findings of fact and conclusions of law. Indeed, they argue only in their reply brief (without citation) that the court's conclusion that the impact of an alleged mistake was not material to the marketing of the real estate was "contrary to reason" and "based upon the self serving statements of the real estate salesman hired to market the property and . . . colored by the [bankruptcy] court's desire to see a sale conclude," Appellants' Rep. Br. at 6. We are not persuaded by appellants' arguments.

The bankruptcy court assumed, for the purposes of deciding the motion, that a mutual mistake regarding knowledge of the Tucker claims had been made at

the time of the settlement agreement.    *See* R. Supp. Vol. II, at 202.  The court also noted that no one had ever objected to its September 4 factual findings that the sales process had proceeded in accordance with the court's July 22 order, and that "the highest and best offer had been received in accordance with that procedure." *Id.* at 199.  In denying the motion, the court observed that there was "no contradictory evidence that any purchase offer was lost or reduced because of the Tucker cloud on the title."    *Id.* at 204.  Appellants do not challenge that finding. The court then found persuasive the testimony of the real estate agent who did the marketing both before and after the July 22 order "that the Tucker cloud was not a big issue with regard to offers to purchase the property,"    *id.*, notwithstanding appellants' claim that the testimony was somehow "self serving."  It is undisputed that all parties were aware of the Tucker "cloud" by June of 1998, but no one objected to the July 22, 1998 order regarding what the Trustee could sell in light of those claims.   *See id.* at 203.  As a result, the court concluded that "the interested parties who made those conscious choices [of failing to object to the settlement agreement or the July order approving the sale of the property] have not demonstrated that they should be relieved from the consequences which were reasonably foreseeable at the time the choice was made."    *Id.* at 201.  It also concluded that "the equities do not favor either modification or reformation" of those orders.   *Id.*  The bankruptcy court's findings of fact are not clearly

erroneous, and its conclusions are not contrary to law. Accordingly, the bankruptcy court did not abuse its discretion in denying the motion for equitable relief.

Appellants' motion to substitute Ms. Riggs for Michael W. Lillie as a party, to modify the caption accordingly, and to allow Ms. Riggs to join the brief filed by Mr. LeRossignol is GRANTED. Appellees' motion for leave to file an appendix is GRANTED. The order of the United States District Court for the District of Colorado is hereby vacated and the matter is remanded with directions to enter judgment for appellees affirming the September 22, 1998 order of the Bankruptcy Court.

Entered for the Court


Michael R. Murphy
Circuit Judge