941 F.2d 1124
 56 Fair Empl.Prac.Cas. (BNA) 1323,
57 Empl. Prac. Dec. P 40,931, 20 Fed.R.Serv.3d 1417
 Debbie A. COX, Plaintiff-Appellant,
v.
SANDIA CORPORATION, doing business as Sandia National
Laboratories, a Delaware Corporation; R.G. Baca;
and R.L. Wilde, individually and in
their official capacities,
Defendants-Appellees.
 No. 91-2057.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 22, 1991.
 
 Rudy Martin, Rudy Martin & Associates, P.A., Albuquerque, N.M., on the brief for plaintiff-appellant.
 Robert M. St. John and Theresa W. Parrish, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., on the brief for defendants-appellees.
 Before ANDERSON, TACHA, and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 Plaintiff-appellant Debbie Cox appeals the district court's dismissal of her employment discrimination claim. Cox contends the district court abused its discretion by failing to find "good cause" or "excusable neglect" for her failure to timely serve process. We affirm.[1]
 
 
 2
 On April 17, 1990, Cox filed an employment discrimination claim in the district court. The deadline for service of process was August 18, 1990. Around the first of July of that year, Cox's counsel forwarded copies of the documents to be served to an individual who had previously served process for this counsel. Sometime in early September, the server informed counsel that due to an injury sustained in the first week in August, he had not been able to serve the documents and had sent them to the appropriate sheriff's departments for service. Because the documents were sent to the sheriff rather than Cox's counsel, Cox alleges she had no opportunity to timely request an extension of the filing deadline. The district court dismissed Cox's claim pursuant to Federal Rule of Civil Procedure 4(j). Cox filed a motion to reconsider pursuant to Rule 60(b)(1) citing excusable neglect. The district court denied this motion.
 
 
 3
 We review the district court's dismissal for untimely service for abuse of discretion. Putnam v. Morris, 833 F.2d 903, 904 (10th Cir.1987). The standard of review for a Rule 60 motion is the same. Greenwood Explorations, Ltd. v. Merit Oil & Gas Corp., 837 F.2d 423, 426 (10th Cir.1988). A court abuses its discretion if its decision is "arbitrary, capricious, or whimsical." Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir.1990).
 
 
 4
 Federal Rule of Civil Procedure 4(j) requires the district court to dismiss a case in which process is not served within 120 days of filing the complaint unless the plaintiff can show good cause for failure to serve within that period. The Rule does not define "good cause." The legislative history of the Rule cites a defendant's evasion of service as the sole example of "good cause." Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir.1985) (citing 1982 U.S.Code Cong. & Admin.News 4434, 4446 n. 25). Although the standards for showing "good cause" under Rule 4 and "excusable neglect" under Rule 60 may not be identical, we do not find the outcome in this case affected by any distinction between these standards.[2] Cf. Putnam, 833 F.2d at 905; Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir.1985).
 
 
 5
 The courts that have considered this issue have regarded as insufficient excuses such as inadvertence and reliance on a process server who fails to perform. For example, in Wei, counsel inadvertently failed to calendar the service deadline and failed to timely effect service in an employment discrimination case. 763 F.2d 370. The court held that to characterize inadvertence as good cause would allow an exception to swallow the rule. Id. at 372. In Putnam, a hired process server unsuccessfully tried to serve a defendant at home every day. 833 F.2d at 905. However, the server did not leave a message at the defendant's home or try to contact the defendant by phone. Only after 123 days did he serve the defendant at the defendant's office. We upheld the district court's dismissal under Rule 4(j) because "it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." Id. In Braxton v. United States, 817 F.2d 238 (3d Cir.1987), counsel promptly secured a process server to effect process. Id. at 239. One-and-a-half months before the service deadline, counsel contacted the server to learn whether process had been served. The server informed counsel that process had not been served but it would be timely served. This assurance proved false, id., although no reason was given for the server's failure, id. at 242. The court held counsel's reliance on the server once counsel learned of the server's dilatory predilection was not good cause to excuse Rule 4's filing deadline. Id.
 
 
 6
 As in Wei, Cox's counsel offers no valid excuse for allowing a significant portion of the time for service to run. As in Putnam and Braxton, Cox's counsel must assume responsibility for the failure of a hired process server to timely effect service. Although we note the distinctions in the instant case from Braxton in that Cox's counsel had no notice of the server's unreliability and here the server offered some excuse for his failure, we do not find the district court abused its discretion. We place no weight on these distinctions. The record does not show Cox's counsel to be any less dilatory than the server in Braxton. Had Cox's counsel promptly sent process to the server, he might well have avoided the instant problem. Rule 4 provides ample time to effect service. The district court refused to reward counsel with an excuse from the Rule's deadline for apparently wasting a majority of this period and then attempting to blame untimely service on an injured server. Although an injured foot suffered two weeks before the service deadline may make service more difficult, the district court's decision that this should not excuse service in the 120-day period is not "arbitrary, capricious, or whimsical."
 
 
 7
 Cox's citation to Sanchez v. Board of Regents, 625 F.2d 521 (5th Cir.1980), to support her counsel's reliance on the server's past performance as being reasonable does not dissuade us from this conclusion. Sanchez dealt with the timeliness of filing a notice of appeal for a pro se prisoner. See Thompson v. Montgomery, 853 F.2d 287, 288 (5th Cir.1988) (recognizing abrogation of Sanchez by Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)). In Sanchez, the Fifth Circuit stated that although a notice of appeal is not filed when deposited in the mail, reliance on the normal delivery times of the postal service may be a basis for a court to find excusable neglect. Id. at 522 (citing Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964) (pro se prisoner case)); cf. Floyd v. United States, 900 F.2d 1045, 1047 (7th Cir.1990) (attorney neglect coupled with substantial extenuating circumstances may support district court's finding of excusable neglect). The Sanchez decision does not refute the countervailing precedent upholding a district court's refusal to find attorney inadvertence and reliance on an unmonitored server constituted good cause or excusable neglect.
 
 
 8
 As one commentator has observed: "The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88, 109 (1983). It was not an abuse of discretion here to invoke this lesson. AFFIRMED.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 In their brief, appellees assert Cox cannot argue the excusable neglect standard because the district court had not ruled on Cox's Rule 60 motion before Cox appealed. The district court denied this motion July 12, 1991. We may assume jurisdiction over a prematurely filed appeal in which a final judgment has ultimately been rendered. See Lewis v. B.F. Goodrich Co., 850 F.2d 641 (10th Cir.1988) (en banc). Cox's appeal was timely filed; only inclusion of the Rule 60 issue was premature. We consider the excusable neglect issue ripe for review but insignificant