**Joy A. GREENE, Plaintiff,**

v.

**UNITED STATES of America, DEPARTMENT OF the ARMY, Defendant.**

**No. 92–4194–R.**

United States District Court, D. Kansas.

May 27, 1993.

Peter C. Rombold, Hoover, Schermerhorn, Edwards, Pinaire & Rombold, Chartered, Junction City, KS, for plaintiff.

D. Brad Bailey, Office of U.S. Atty., Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action brought by the plaintiff against the defendant United States pursuant to the Federal Tort Claims Act. This matter is presently before the court upon defendant's motion to dismiss. The defendant seeks dismissal because plaintiff did not effect service of the summons and complaint upon the defendant within 120 days after the complaint was filed.

In its motion, the defendant contends that plaintiff had failed to effect service upon the United States Attorney within 120 days after the complaint was filed and had completely failed to effect service upon the Attorney General. In her response, plaintiff agrees that the United States Attorney was not served until December 11, 1992, 121 days after the complaint was filed. Plaintiff, however, has provided proof that the Attorney General was served on December 10, 1992.

The court finds the following facts from the materials submitted by the parties. Plaintiff filed this action on August 12, 1992. On December 9, 1992, plaintiff's counsel sent copies of the summons and complaint by certified mail to the Attorney General of the United States in Washington, D.C. and to the Department of the Army at Fort Meade, Maryland. The Attorney General and the Department of the Army received the summonses and complaints on December 10, 1992. Plaintiff's counsel delivered a copy of the summons and complaint to the United States Attorney for the District of Kansas on December 11, 1992. The defendant filed the instant motion on February 9, 1993. On March 22, 1993, following plaintiff's failure to respond to the defendant's motion, the court directed the plaintiff to show cause by April 2, 1993 why the defendant's motion should not be granted. On April 2, 1993, plaintiff filed a motion for permission to file response out of time and a response to the motion to dismiss and motion for enlargement of time. The court subsequently granted the plaintiff's motion to file her response to the motion to dismiss out of time. In her motion for enlargement of time, plaintiff seeks an additional twenty-four hours in which to obtain service in this case.

Service upon the United States must be made as set forth in Fed.R.Civ.P. 4(d)(4), which provides as follows:

Upon the United States, by delivering a copy of the summons and of the complaint

to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency.

Service must be completed within 120 days after the filing of the complaint unless good cause is shown why service was not made within that period. Fed.R.Civ.P. 4(j). Dismissal for delayed service under Rule 4(j) is not left to the general discretion of the district court; dismissal is mandatory unless "good cause" is shown. Rule 4(j) does not define "good cause." The Tenth Circuit, while unable to articulate an explicit rule for determining a good cause exception, has generally approved of the standard adopted by the Fifth Circuit in *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir.1985). *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir.1987). In *Winters*, the Fifth Circuit equated "good cause" with "excusable neglect" and noted that "inadvertence or mistake of counsel or ignorance of the rule usually does not suffice," and that "some showing of 'good faith ... and [a] reasonable basis for noncompliance within the time specified'" is necessary to show good cause. *Winters*, 776 F.2d at 1306 (quoting 4A C. Wright and A. Miller, *Federal Practice and Procedure: Civil* § 1165. The Tenth Circuit has cautioned that a lawyer should " '[t]reat the 120 days with the respect reserved for a time bomb.' " *Cox v. Sandia Corp.*, 941 F.2d 1124, 1126 (10th Cir.1991) (quoting Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88, 109 (1983)).

The 120–day period of Rule 4(j) expired on December 10, 1992. The service of the summons and complaint upon the United States Attorney on December 11, 1992 was not timely. Plaintiff agrees that the service was untimely, but contends that good cause exists for the delay. Plaintiff's counsel states that he was under the belief that the deadline for service was December 12, 1992, which was a Saturday, and he believed that he had until December 14, 1992 in which to make service upon the defendant. Therefore, he argues that lack of compliance with the rule was due to a mistake of fact and not to a lack of good faith to comply with the rule. He also notes that the delay did not prejudice the defendant and would substantially prejudice the plaintiff.

▇▇▇ Plaintiff's counsel's mistaken belief that the deadline for service was December 12, 1992 rather than December 10, 1992 does not establish good cause under Rule 4(j). The law is well-settled that simple attorney neglect or inadvertence, without the presence of substantial extenuating factors, such as sudden illness or natural disaster, cannot constitute the sole basis for a "good cause" determination. *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir.1990); *Braxton v. United States*, 817 F.2d 238 (3d Cir.1987); *Winters*, 776 F.2d at 1306. Plaintiff's counsel advances no other reason for his failure to timely serve the United States Attorney, and none is apparent to the court. The fact that service was made upon the United States Attorney shortly after the expiration of the 120–day period is irrelevant to the issue of whether good cause existed during the 120–day period. *McDonald v. United States*, 898 F.2d 466, 468 (5th Cir.1990). Moreover, prejudice to the parties is not a factor to be considered in determining whether good cause is present under Rule 4(j). *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir.1992).

Plaintiff's argument in her response is apparently based upon *Jordan v. United States*, 694 F.2d 833 (D.C.Cir.1982), although plaintiff makes no reference to *Jordan*. In *Jordan*, the District of Columbia Circuit established a four-part test to be applied in factual situations that arguably called for equitable relief from a Rule 4 dismissal. The court concluded that dismissal is not required for failure to comply with Rule 4(d) if (a) the

party that had to be served personally received actual notice; (b) the defendant would suffer no prejudice from the defect in service; (c) there is a justifiable excuse for the failure to serve properly; and (d) the plaintiff would be severely prejudiced if the complaint were dismissed. *Jordan,* 694 F.2d at 836. The Second and the Ninth Circuits have adopted *Jordan,* albeit with some restraint. *See Zankel v. United States,* 921 F.2d 432, 436 (2d Cir.1990); *Borzeka v. Heckler,* 739 F.2d 444, 447 (9th Cir.1984). Recently, the Tenth Circuit was given the opportunity to adopt the teachings of *Jordan,* but found it unnecessary to decide whether *Jordan* should be applied in this circuit. *See Jones v. Frank,* 973 F.2d 872, 873 (10th Cir.1992). Based upon this court's evaluation of the facts, we do not believe that *Jordan* requires denial of the defendant's motion. We do not find plaintiff has articulated a justifiable excuse for the failure to timely serve the United States Attorney. The court has not found a case where a court in applying *Jordan* has determined that plaintiff is entitled to relief from dismissal where a justifiable excuse is absent except where the government bears substantial responsibility for causing the defect in service. *See, e.g., McGregor v. United States,* 933 F.2d 156, 161 (2d Cir.1991). There is no indication in this case that the government bears any responsibility for causing the defect in service. Accordingly, Rule 4(j) compels dismissal of this action without prejudice since plaintiff did not complete service of process on the United States within the 120 days allowed by Rule 4(j), and good cause has not been established to justify this noncompliance.

■ Similar reasoning must be applied to plaintiff's motion for enlargement of time in which to make service. Once the specified period has expired, the court may only grant extensions of time where the party's failure to act was due to excusable neglect. Fed. R.Civ.P. 6(b)(2). "Excusable neglect" as used in Rule 6(b)(2) · is the equivalent of "good cause." *Putnam,* 833 F.2d at 905. As noted previously, a mistake of counsel or ignorance of the rules does not suffice to establish good cause. In the absence of good cause shown, the rules do not permit the court to extend plaintiff additional time in which to effect service of process.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. # 3) be hereby granted. Plaintiff's action is hereby dismissed without prejudice pursuant to Fed. R.Civ.P. 4(j) for plaintiff's failure to serve the defendant within 120 days.

**IT IS SO ORDERED.**