Timothy A. CLOYD, Plaintiff,

v.

ARTHUR ANDERSON & CO., Roxanne Laine, and John Does I Through X, Defendants.

Civ. No. 92–C–1080W.

United States District Court, D. Utah, C.D.

Sept. 28, 1993.

Scott S. Kunel, Salt Lake City, UT, for plaintiff.

Mary Anne Q. Wood, Kathryn O. Balmforth, Wood Spendlove & Quinn, Salt Lake City, UT, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, Chief Judge.

This matter is before the court on Defendant Arthur Anderson & Company's ("Defendant") Motion to Dismiss under Rule 4(j) of the Federal Rules of Civil Procedure ("FRCP"), Defendant's Second Motion to Dismiss, and Plaintiff Timothy A. Cloyd's ("Plaintiff") Motion to Enlarge Time to Serve Summons and Complaint ("Motion to Enlarge Time"). No hearing was requested concerning these motions and the court deems such unnecessary. Having fully considered the submissions filed regarding these motions, and being fully advised of the law, the court renders the following Memorandum Decision and Order.

## I. BACKGROUND

In late 1991, Plaintiff filed a discrimination charge against Defendant with the Anti–Discrimination Division of the Industrial Commission of Utah (the "UADD"). On August 5, 1992, the UADD issued a determination of "No Reasonable Cause" to believe that Defendant had violated applicable antidiscrimination laws. On September 18, 1992, the Equal Employment Opportunity Commission issued a letter to Plaintiff dismissing the charge because it found no reasonable cause to believe Plaintiff's charge is true. The letter notified Plaintiff that he must file suit against Defendant within ninety days of receipt of the letter or lose his right to sue.

At the end of the ninety-day period, on December 17, 1992, Plaintiff filed a *pro se* complaint (the "Original Complaint") but did not attempt service on any of the defendants. In early April 1993, Plaintiff retained counsel to represent him in the matter. On April 12, 1993, Plaintiff's counsel filed an amended complaint ("Amended Complaint"). On April 15, 1993, one day short of the 120–day time limitation for service of process under FRCP 4(j) ("Service Deadline"), Plaintiff served a summons (the "First Summons") on Defendant. That First Summons, however, was not issued by the clerk of the court as required by FRCP 4(a), nor was it signed by the clerk or under seal of the court as required by FRCP 4(b). Instead, Plaintiff's counsel signed the First Summons himself, through either mistake or inadvertence.[1]

---

1. Plaintiff's counsel states, "After filing the Amended Complaint I signed a Summons and thought that I had given instructions to have the summons issued. Due to an apparent inadvertent error on my behalf or on behalf of my staff, the summons was not issued and were [sic] placed in the hands of a process server." Aff. of Scott S. Kunkel ¶ 4.

Further, the First Summons improperly purports to issue from the State of Utah.

On May 1, 1993, Defendant filed a Motion to Dismiss, arguing that because no valid process was served within the 120–day limitation under FRCP 4(j), the complaint must be dismissed.[2] Plaintiff does not dispute that the First Summons was invalid. Pl.'s Mem. Opp'n Mot. Dismiss at 2–3.

On May 16, 1993, thirty days after the Service Deadline, Plaintiff served a proper Summons (the "Second Summons") and Complaint upon Defendant. On May 24, 1993, Plaintiff filed a Motion to Enlarge Time to render the untimely service effective. On June 1, 1993, Defendant filed a Second Motion to Dismiss, alleging that Plaintiff's Original Complaint and Amended Complaint must be dismissed because (1) Plaintiff has not shown good cause to justify extending the time period; (2) Plaintiff cannot meet the standard for an enlargement of time under FRCP 6(b); and (3) Plaintiff cannot escape the 120–day limitation by filing an amended complaint.

Plaintiff argues that service of process has been properly perfected within 120 days of filing the Amended Complaint, or alternatively, that Plaintiff can show good cause to justify extending the Service Deadline, thus rendering the Second Summons effective.

## DISCUSSION

■ The issue in this case is whether Rule 4(j) of the Federal Rules of Civil Procedure ("Rule 4(j)") requires this court to dismiss Plaintiff's Original Complaint and Amended Complaint. FRCP 4 sets forth several requirements to which a summons must conform. Specifically, FRCP 4 requires that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and deliver the summons to the plaintiff or the plaintiff's attorney, who shall be responsible for prompt service of the summons and a copy of the complaint." Fed.R.Civ.P. 4(a). FRCP 4 further requires that "[t]he summons shall be signed by the clerk" and "be under the seal of the court." Fed.R.Civ.P. 4(b).

In the instant case, the First Summons was not issued by the clerk of the court, signed by the clerk, or under seal of the court.[3] Instead, it was signed by Plaintiff's counsel. Defendant maintains, and Plaintiff does not dispute, that the defects in the First Summons are not mere technical defects in service that can be amended, but rather are defects that render service void. *See, e.g., United States v. National Muffler Mfg., Inc.*, 125 F.R.D. 453, 455 (N.D. Ohio 1989) (stating that defects reflecting party's disregard for requirements of FRCP 4 generally not considered curable by amendment); *Board of Educ. of Smithtown Cent. Sch. Dist. v. Factor*, No. 88–CV–2760, 1989 WL 47707, at *2 (E.D.N.Y. Apr. 27, 1989) ("Service of an unsigned and unsealed summons is not a harmless error that can be cured nunc pro tunc pursuant to Rule 4(h)."); *Macaluso v. New York State Dep't of Envtl. Conserv.*, 115 F.R.D. 16, 18 (E.D.N.Y.1986) ("This Court does not view service of an unsigned, unsealed summons not issued by the court clerk as a mere technical defect."); *Gianna Enters. v. Miss World (Jersey) Ltd.*, 551 F.Supp. 1348, 1358 (S.D.N.Y.1982) (determining that "[t]o allow plaintiffs always to amend their defective summons under these circumstances would eviscerate and make a mockery of the formal commands of Rule 4(b)...."); 2 James W. Moore, Moore's Federal Practice ¶ 4.04 (2d ed. 1988) ("[A] summons issued by the plaintiff's attorney is a nullity.").

Because the First Summons is not curable by amendment, Defendant argues that Plaintiff's Complaint must be dismissed under Rule 4(j) because the Service Deadline has passed and Plaintiff cannot show good cause for failing to serve within the time period.

---

**2.** Defendant also alleges that because no valid summons was served within the time period set forth in FRCP 4(j), this court lacks personal jurisdiction over Defendant. The court's determination on FRCP 4(j), however, is sufficient to dispose of this case, rendering a discussion of personal jurisdiction unnecessary.

**3.** Defendant also argues that Plaintiff's First Summons is invalid because it purports to summon Defendant on behalf of the wrong sovereign, the State of Utah. The court's disposition of the issues below obviates the need to address this argument.

Rule 4(j) requires the district court to dismiss an action if service of the summons is not made within 120 days of filing the complaint unless the plaintiff can show good cause for failing to serve within that period.[4] *See Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir.1991) (acknowledging that district court is required to dismiss case if no good cause shown); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985) (stating that when good cause not shown, dismissal is mandatory).

Plaintiff insists that in determining whether good cause has been shown, this court has "broad discretion to treat the motion to dismiss as a motion to quash service and allow Plaintiff additional time to perfect service of process." Pl.'s Mem. Opp'n Mot. Dismiss at 3. For example, Plaintiff relies on *Gipson v. Township of Bass River*, 82 F.R.D. 122 (D.N.J.1979), which concludes that "the court had broad discretion to dismiss the action *or* to retain the case but quash the service that has been made on the defendant." *Id.* at 126.

■ *Gipson*, however, along with a multitude of other cases upon which Plaintiff relies, is inapposite because Rule 4(j), the governing rule in this case, did not exist until 1983.[5] FRCP 4 was amended as of February 26, 1983. *See* Act of Jan. 12, 1983, Pub.L. 97–462, 1982 U.S.C.C.A.N. (96 Stat.) 4434. Congress adopted broad changes concerning the method by which service is made, including the addition of Rule 4(j), which added for the first time a limitation on the period for serving the summons after filing the complaint. *See generally* David D. Siegel, Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions, 96 F.R.D. 88 (1983). Consequently, this court looks solely to the language of Rule 4(j) and the case law interpreting that Rule. Furthermore, in construing and applying Rule 4(j), this court is aware that " '[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action.' " *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988) (quoting *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (per curiam)).

■ Pursuant to Rule 4(j)'s "good cause" defense, Plaintiff argues that he "can show cause" for his failure to serve the First Summons within the Service Deadline. Pl.'s Mem. Opp'n. Mot. to Dismiss at 3. Plaintiff has the burden of showing good cause to avoid dismissal. *See Winters*, 776 F.2d at 1305 ("Rule 4(j) plainly places the burden on the plaintiff to show good cause."); *Geiger*,

**4.** Rule 4(j) provides:

> **Summons: Time Limit for Service.** If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (emphasis added).

**5.** Plaintiff does not take into account the ramifications engendered by the adoption of Rule 4(j) in 1983, as he cites numerous cases predating the Rule. It is axiomatic that judicial analyses of situations in which a specific rule has yet to be born are not useful to a court faced with applying that rule.

Plaintiff also incorrectly argues that "Courts generally hold the provisions of Rule 4 should be given a liberal and flexible construction." Pl.'s Reply Mem.Supp.Mot. to Enlarge Time at 1. This assertion suffers from the same flaw mentioned above: Plaintiff is relying on cases that predate the adoption of Rule 4(j). *See* Pl.'s Reply Mem.Supp.Mot. to Enlarge Time at 1–2.

Similarly, Plaintiff argues that "prejudice is the primary issue in determining whether a party should be allowed to cure improper service." *Id.* at 5; *see also* Pl.'s Reply Mem.Supp.Mot. to Enlarge Time at 2–3. Plaintiff reasons that Defendant's motion should be denied because Defendant will not be prejudiced by allowing Plaintiff additional time to perfect service. Prior to 1983, courts required a showing of prejudice to the party not timely served before they would dismiss an action. *See Baden v. Craig-Hallum, Inc.*, 115 F.R.D. 582, 586 n. 4 (D.Minn.1987). However, after the adoption of Rule 4(j), prejudice is simply not a relevant consideration. *See Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 668 (W.D.Mo.1990), aff'd 932 F.2d 697 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991) (stating that even assuming *arguendo* that defendants would not suffer prejudice, this factor is no longer relevant).

Unfortunately, Plaintiff has primarily relied upon inappropriate cases to support his arguments. The majority of post–1983 cases that Plaintiff does cite are also irrelevant because they do not address Rule 4(j).

850 F.2d at 333 (plaintiff bears burden of showing good cause).

Unfortunately, Rule 4(j) does not define "good cause," and the legislative history of the Rule cites, as the only example of "good cause," a defendant's evasion of service. *See Wei*, 763 F.2d at 371 (citing 1982 U.S.C.C.A.N. 4434, 4446 n. 25). However, case law interpreting Rule 4(j) overwhelmingly illustrates that mere inadvertence is not sufficient to meet that rule's good cause standard. In *Cox v. Sandia Corp.*, 941 F.2d 1124 (10th Cir.1991), the Tenth Circuit recognized that "courts that have considered this issue have regarded as insufficient excuses such as inadvertence and reliance on a process server who fails to perform." *Id.* at 1125; *see also Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir.1987) ("simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice" to show good cause within meaning of Rule 4(j)); *Geiger*, 850 F.2d at 333 (stating courts agree that counsel's inadvertent failure to serve defendant within statutory period does not constitute good cause); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (finding that *pro se* litigant's ignorance of rule does not constitute good cause to justify extending service deadline); *Greene v. United States Dep't of the Army*, 149 F.R.D. 206, 208 (D.Kan.1993) (finding that plaintiff's counsel's mistaken belief that service deadline was two days later does not constitute good cause); *Reynolds v. Federal Crop Ins. Corp.*, 752 F.Supp. 986, 988 (D.Colo.1990) ("good cause standard is stringent and is not met by showing inadvertence of counsel, change of counsel, or other similar excuses."); *Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110, 111 (W.D.La.1991) ("neither inadvertence of attorney nor secretarial misdeeds constitutes good cause for failure to serve defendant within time limitation.").

For example, in *Cox*, the plaintiff's counsel forwarded the summons to a process server approximately six weeks before the service deadline. The process server suffered an injury and did not serve the summons within the 120–day time limit. The Tenth Circuit, in affirming the district court's dismissal of the case for untimely service, emphasized that the plaintiff's counsel offered "no valid excuse for allowing a significant portion of the time for service to run." 941 F.2d at 1125. The *Cox* court reasoned that had plaintiff's counsel "promptly sent process to the server, he might well have avoided the instant problem. Rule 4 provides ample time to effect service." *Id.* at 1126. The *Cox* court condoned the district court's refusal "to reward counsel with an excuse from the Rule's deadline for apparently wasting a majority of this period and then attempting to blame untimely service on an injured server." *Id.*

Thus, even though counsel in *Cox* had arranged for process to be served approximately *six weeks* before the service deadline and had no notice of the server's unreliability, and the server had an excuse for his failure to serve, the Tenth Circuit upheld the district court's decision to dismiss the case based on a lack of "good cause."

In the instant case, failure to serve process before the Service Deadline is even less excusable. Plaintiff filed the Original Complaint on December 17, 1992. He did not serve any of the defendants. Plaintiff offers no explanation for failing to serve process during this time period. Plaintiff then retained counsel in early April, approximately two weeks before the Service Deadline. Counsel, for some unknown reason, waited until April 15, 1993—one day before the Service Deadline—to serve the First Summons. Instead of exercising the utmost care to safeguard the First Summons from errors that may render it void on the eve of the Service Deadline, counsel signed the First Summons and thought he had given instructions to have it issued. However, "[d]ue to an apparent inadvertent error on my behalf or on behalf of my staff, the summons was not issued and were [sic] placed in the hands of a process server." Aff. of Scott S. Kunkel ¶ 4. Therefore, no valid summons was served on Defendant within the Service Deadline.

Similar to the situation in *Cox*, had Plaintiff or Plaintiff's counsel promptly served the First Summons, they might have avoided this predicament. While this court recognizes that in some instances a mistake or inadvertence coupled with extenuating circum-

stances may justify a finding of good cause, *see Patterson v. Brady*, 131 F.R.D. 679, 684 (S.D.Ind.1990), this is not such a case. As the court noted in *Cox*, "characterizing inadvertence as good cause would allow an exception to swallow the rule." 941 F.2d at 1125 (citing *Wei*, 763 F.2d at 372). Similarly, in the case at hand, to allow Plaintiff to wait until the 119th day to serve the First Summons, and then find that counsel's mere inadvertence constitutes good cause, would render the good cause requirement meaningless and would defeat the purpose of Rule 4(j) in ensuring that plaintiffs and plaintiffs' counsel act diligently in prosecuting their causes of action. Plaintiff here has not met the burden of demonstrating good cause, and therefore his Original Complaint must be dismissed.

■ Ordinarily, a court's dismissal of the complaint under Rule 4(j) is without prejudice. *Putnam v. Morris*, 833 F.2d 903, 904–05 (10th Cir.1987). As a practical matter, however, the dismissal may operate as a dismissal with prejudice when the action will thereafter be time-barred. In enacting Rule 4(j), Congress "recognized the possibility that a plaintiff's cause of action would be barred if the statute of limitations expired prior to the court's dismissal under Rule 4(j). *Geiger*, 850 F.2d at 334 (citing 1982 U.S.C.C.A.N. 4434, 4441–42); *see also Putnam*, 833 F.2d at 904–05 (dismissal for failure to serve within time period may operate as dismissal with prejudice when action will be time-barred); *Townsel v. County of Contra Costa*, 820 F.2d 319, 321 (9th Cir.1987) (stating that Congress "balanced the possible loss of a litigant's federal cause of action against the need to encourage diligent prosecution of lawsuits."); *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 85 (3d Cir.), *cert.*

*denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987) (determining that even though dismissal could spell end of plaintiff's cause of action, inadvertence and lack of diligence could not be excused in light of legislative intent for strict interpretation of Rule 4(j)); *Wei*, 763 F.2d at 372 (recognizing that action will be time-barred under Title VII if dismissed under Rule 4(j)).

In the instant case, Plaintiff's Original Complaint would usually be dismissed without prejudice under Rule 4(j). However, Plaintiff filed his Original Complaint on or about December 17, 1992, with approximately one day left before the action was time-barred. The dismissal under Rule 4(j), therefore, operates as a dismissal with prejudice because Plaintiff's cause of action is now time-barred.[6]

■ In another attempt to salvage the Complaint, Plaintiff has also moved for an enlargement of time to serve summons and complaint, thus effectuating the Second Summons and Complaint served approximately one month after the Service Deadline. Although Plaintiff brings the motion under Rule 4(j), this motion should have been requested under FRCP 6(b)(2) ("Rule 6(b)(2)"). Notwithstanding Plaintiff's mistaken reliance on Rule 4(j), however, the court will treat the motion as if it were brought under Rule 6(b)(2).[7] Rule 6(b)(2) permits a court to extend the time to perform an act after the deadline has passed if the movant can demonstrate "excusable neglect" for failing to perform within the prescribed time period.[8]

The Tenth Circuit has acknowledged that Rule 6(b)(2)'s general provisions may be inapplicable in a context such as the instant

---

**6.** Plaintiff does not dispute this fact, stating that "If a complaint is dismissed for failure to serve the complaint within 120 days under Rule 4(j) the complaint is dismissed without prejudice. However, in the present case if the complaint is dismissed, the complaint would be time barred." Pl.'s Reply Mem.Supp.Mot. to Enlarge Time at 3.

**7.** Plaintiff does rely on Rule 6(b)(2) in his Reply Memorandum in Support of Motion to Enlarge Time.

**8.** Rule 6(b) provides:

**Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect* . . . .
Fed.R.Civ.P. 6(b) (emphasis added).

case in which Rule 4(j) has its own specific standard of "good cause." *Putnam*, 833 F.2d at 905; *see also United States ex rel. Deloss v. Kenner Gen. Contractors*, 764 F.2d 707, 711 (9th Cir.1985) ("district court's determination of no good cause under rule 4 effectively disposed of any claim that could be raised on motion pursuant to rule 6(b)(2)."); *Greene v. United States Dep't of the Army*, 149 F.R.D. 206, 209 (D.Kan.1993) (determining that excusable neglect standard of Rule 6(b)(2) is equivalent to good cause standard of Rule 4(j)); *Smith v. ICI Americas, Inc.*, 145 F.R.D. 45, 47 (D.Del.1992) (finding that requirements of excusable neglect and good cause are similar).

In *Putnam*, the appellant had filed a motion to extend the time period for service so as to render his untimely service effective. The court stated that "[a]lthough the trial court has the power to extend the 120–day time period after it has run under Fed. R.Civ.P. 6(b)(2), it will do so only if the movant demonstrates 'good cause' for the delay which the court deems to be excusable neglect." 833 F.2d at 905. Recognizing that "[t]hese two standards are interrelated," *id.*, the *Putnam* court endorsed the Fifth Circuit's analysis in determining whether to dismiss a time-barred complaint:

> Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required.

*Id.* (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Accordingly, the Tenth Circuit in

*Putnam* found that in determining whether to extend the time period for service, "[t]he district court is clearly not compelled to accept a lesser 'excusable neglect' showing." *Id.* In other words, the court acknowledged that district courts may employ Rule 4(j)'s good cause standard, rather than Rule 6(b)(2)'s excusable neglect standard to determine whether to extend the period for service. Because Plaintiff has not demonstrated good cause to escape Rule 4(j)'s Service Deadline, as discussed above, he is also precluded from receiving an extension of that deadline under Rule 6(b)(2).[9]

■ Finally, Plaintiff argues, without citing any authority, that filing the Amended Complaint renews the 120–day period in which a summons can be served. Plaintiff's argument is incorrect. The court in *Del Raine v. Carlson*, 826 F.2d 698 (7th Cir. 1987), rejected a similar argument, reasoning that "[t]he purpose of allowing complaints to be amended is to enable the pleading to be conformed to the developing evidence rather than to extend the time for service indefinitely." *Id.* at 705. Similarly, the court in *Bryant v. Brooklyn Barbeque Corp.* determined that if the plaintiff were allowed to file an amended complaint after the service deadline had passed, "the purpose of Rule 4(j) would be emasculated." 130 F.R.D. 665, 668 (W.D.Mo.1990), *aff'd*, 932 F.2d 697 (8th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 638, 116 L.Ed.2d 656 (1991); *see also Leonard v. Stuart–James Co.*, 742 F.Supp. 653, 662 (N.D.Ga.1990) (stating that if plaintiff were allowed to file amended complaint after time period passed, there would be no incentive to serve original complaint within 120 days); *Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D.Ind.1990) ("to allow an amendment to extend the time for service would go a long way towards effectively repealing the mandate of Rule 4(j)."); *Baden v. Craig–Hallum*,

---

**9.** Even applying 6(b)(2)'s "excusable neglect standard," the result does not change. Similar to the good cause requirement, many courts have recognized that mere inadvertence does not constitute excusable neglect. *Clinkscales v. Chevron USA, Inc.*, 831 F.2d 1565, 1569 (11th Cir.1987) (inadvertence does not establish excusable neglect); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985) ("simple inadvertence or mistake of counsel or ignorance of

the rules usually does not suffice for excusable neglect."); *Davidson v. Keenan*, 740 F.2d 129, 132 (2d Cir.1984) (oversight of counsel does not constitute excusable neglect). Thus, while the standards for showing "good cause" under Rule 4(j) and "excusable neglect" under Rule 6(b) may not be identical, we do not find the outcome in the instant case affected by any distinction between these standards.

*Inc.*, 115 F.R.D. 582, 586 n. 3 (D.Minn.1987) (amendment of complaint does not justify delay in service of original complaint).

To find that filing the Amended Complaint renews the 120–day time period in which service must be made would tantamount to finding that Rule 4(j) is mere rubbish cluttering the landscape of Rule 4. This court will not ignore the significance of Rule 4(j) and therefore refuses to find that Plaintiff's filing of the Amended Complaint renews the 120–day time period for service.

While this court is extremely reluctant to dismiss a claim for relief because of Plaintiff's or counsel's mistake, the facts in the case at hand, and the law this court is bound to apply, compel that result. As one commentator has astutely admonished: "The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb." Siegel, 96 F.R.D. at 103.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED as follows:

1. Defendant Arthur Anderson & Co.'s Motion to Dismiss and Defendant Arthur Anderson & Co.'s Second Motion to Dismiss pursuant to Rule 4(j) are granted and Plaintiff's Complaint and Amended Complaint are dismissed with prejudice;

2. The court *sua sponte,* on its own motion, dismisses with prejudice Plaintiff's Complaint and Amended Complaint as against Defendant Roxanne Laine, because it is evident no service was made or attempted to be made upon her as required by Rule 4(j);

3. Plaintiff's Motion to Enlarge Time to Serve Summons and Complaint is hereby denied;

4. This is a final order concluding this action and no further order need be prepared by counsel.