**In re Scott Frank KIRKLAND and Christy Bates Kirkland, Debtors.**

**Evelyne BROITMAN, Appellant,**

**v.**

**Scott Frank KIRKLAND, Appellee.**

Bankruptcy No. 94B–20757. No. 95–C–49W.

United States District Court, D. Utah, Central Division.

April 26, 1995.

Scott C. Pierce, McKay, Burton & Thurman, Salt Lake City, UT, for appellant.

George W. Pratt, Jerome Romero, Daniel A. Kaplan, Jones, Waldo & McDonough, Salt Lake City, UT, for appellee.

## MEMORANDUM DECISION AND ORDER AFFIRMING DISMISSAL OF ACTION

WINDER, Chief Judge.

This matter is before the court on appellant Evelyne Broitman's ("Ms. Broitman" or "Appellant") appeal of an order entered by the Honorable Judith A. Boulden, United States Bankruptcy Court Judge, on November 30, 1994, granting appellee Scott Frank Kirkland's ("Mr. Kirkland" or "Appellee") motion to dismiss for failure to timely serve the summons and complaint as required by Federal Rule of Civil Procedure 4(j).[1] The court conducted a hearing on Ms. Broitman's appeal on April 18, 1995. At the hearing, Appellant was represented by Scott C. Pierce. George W. Pratt appeared on behalf of Appellee.

Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. The court had also read the record on appeal, as well as certain of the authorities cited by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this appeal. Now being fully advised, the court enters the following memorandum decision and order.

---

1. Rule 4(j) is incorporated into the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") by Bankruptcy Rule 7004(a). Bankruptcy Rule 7004(a) specifies that FRCP 4(j) is to apply in adversary proceedings. Rule 4(j) was amended in 1993, and subsection (j) is now codified at subsection (m).

## I. BACKGROUND

The operative facts in this case are straightforward and undisputed. On May 20, 1994, Ms. Broitman, acting *pro se*, timely filed an adversary proceeding in the bankruptcy court. Pursuant to Rule 4(j), the 120-day deadline for serving Mr. Kirkland with the summons and complaint was September 17, 1994. Because that date fell on a Saturday, time for service was extended until Monday, September 19, 1994. *See* 11 U.S.C. § 9006(a). Ms. Broitman failed to meet that deadline and instead served the summons and complaint on Tuesday, September 20, 1994. Mr. Kirkland subsequently moved for dismissal pursuant to Rule 4(j).

On November 16, 1994, a hearing was conducted before Judge Boulden on Mr. Kirkland's motion to dismiss. The sole evidence as to "good cause" adduced at the hearing appears to have been Ms. Broitman's approximately twelve-line affidavit.[2] Apparently, Ms. Broitman purposely delayed serving the summons and complaint because she was involved in California legal proceedings with Mr. Kirkland's "partnership and/or related entities," which she thought might make the bankruptcy action unnecessary. *See* Affidavit of Evelyne Broitman at ¶ 3 (Nov. 10, 1994). After this purposeful delay, Ms. Broitman then failed to timely serve the summons and complaint because of a mistake: "I understood, under the law, that I had until September 20, 1994 in which to serve the Debtor...." *Id.* at ¶ 2. Judge Boulden also took into consideration that, even though Ms. Broitman was acting *pro se*, she had "some familiarity with the bankruptcy process and with the legal process," and also "had some access to legal counsel." *See* Court's Ruling, Bankruptcy Case No. 94B–20757 (Nov. 16, 1994).

On November 30, 1994, Judge Boulden entered an order dismissing Ms. Broitman's claim. *See* Order of Dismissal, Bankruptcy Case No. 94B–20757 (Nov. 30, 1994). Specifically, Judge Boulden found that "[f]or reasons stated on the record following the [hear-

ing] arguments of counsel, the Court is of the opinion that the plaintiff has failed to meet her burden to establish 'good cause' for her failure to serve the summons and complaint within the 120-day deadline imposed by Rule 4(j), F.R.Civ.P. (1990)." *Id.* at p. 2.

The issues on appeal are interrelated: (1) Did Appellant show "good cause" pursuant to 11 U.S.C. § 7004 to extend the time for service? (2) What is the meaning of "good cause" as stated in the 1990 version of Rule 4(j) of the Federal Rules of Civil Procedure as incorporated by Bankruptcy Rule 7004(f)? Appellant's argument is generally this: Based on the Supreme Court's opinion in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the meaning of "good cause" in Bankruptcy Rule 7004 as it incorporates Rule 4(j), "is in effect the same standard as excusable neglect." *See* Brief of Appellant at p. 3, case No. 95–C–49W (Feb. 3, 1995). Therefore, applying the factors for determining excusable neglect as outlined in *Pioneer*, Appellant contends that the bankruptcy court abused its discretion in dismissing her claim.

Appellee rejects any proposed "excusable neglect" analysis, and argues that the bankruptcy court correctly found that Appellant failed to meet her burden of establishing good cause pursuant to Rule 4(j). *See* Appellee's Brief at p. 3.

## II. STANDARD OF REVIEW

This case involves an appeal from the bankruptcy court's dismissal of a complaint. In reviewing the propriety of the bankruptcy court's order in this case, this court must "apply the same standards of review as those governing appellate review in other cases." *In re Perma Pac. Properties*, 983 F.2d 964, 966 (10th Cir.1992). This court therefore must affirm the bankruptcy court's findings of fact unless those findings are clearly erroneous. *In re Davidovich*, 901 F.2d 1533, 1536 (10th Cir.1990).[3] Where the bankruptcy court has made conclusions of law, however, this court is required to conduct a de novo review of the record and

---

**2.** Appellant has not disputed Appellee's statement that "[n]o testimony was offered at the hearing, nor was Appellee provided an opportunity to cross examine Appellant." *See* Brief of

Appellee at p. 4, Case No. 95–C–49W (Feb. 21, 1995) [hereinafter "Appellee's Brief"].

**3.** A finding of fact is clearly erroneous when the court, after reviewing the record, is "left with the

reach an independent legal conclusion. *Id.* at 1536.[4] Finally, because certain other matters in bankruptcy are left entirely to the discretion of the bankruptcy judge,[5] this court may reverse a decision on those issues only if the bankruptcy court abused its discretion. *See, e.g., Deitchman v. E.R. Squibb & Sons, Inc.,* 740 F.2d 556, 563–64 (7th Cir. 1984).[6] In particular, dismissal of a complaint for failure to comply with Rule 4(j)'s 120–day time limit "will be set aside only for an abuse of discretion." *Putnam v. Morris,* 833 F.2d 903, 904 (10th Cir.1987).

## III. ANALYSIS

### A. Applicability of the "Excusable Neglect" Standard to Rule 4(j).

■ Bankruptcy Rule 7004(a) provides for the time and manner of service in adversary proceedings, and incorporates for that purpose the major portion of Rule 4, including Rule 4(j), which is at issue here. Rule 4(j) specifies that if a summons and complaint are not served on the defendant within 120 days after a complaint is filed, and if the plaintiff "cannot show *good cause* for failure to timely serve," "the action *shall* be dismissed as to that defendant without prejudice." *See* Fed. R.Civ.P. 4(j) (1990) (emphasis added). Although Rule 4 was amended in 1993, substantively altering Rule 4(j) and codifying it at 4(m),[7] Bankruptcy Rule 7004(g) makes clear that the subdivisions of Rule 4 that were in effect on January 1, 1990 apply to Bankruptcy Rule 7004, "notwithstanding any amendment to Rule 4 F.R.Civ.P. subsequent thereto." [8]

The major thrust of Appellant's argument is that the good cause standard of Rule 4(j) has been altered by the Supreme Court's

---

conviction that a mistake has been made." *LeMaire v. United States,* 826 F.2d 949, 953 (10th Cir.1987).

4. In reviewing mixed questions of law and fact, however, this court conducts a de novo review only if the question involves primarily legal principles. *See In re Wes Dor, Inc.,* 996 F.2d 237, 241 (10th Cir.1993) (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 940 F.2d 564, 572 (10th Cir.), *cert. denied,* 502 U.S. 983, 112 S.Ct. 589, 116 L.Ed.2d 614 (1991)). If the question involves primarily a factual inquiry, this court applies the clearly erroneous standard. *Id.*

5. For example, the decision to confirm, deny, or vacate the sale of a debtor's property is within the bankruptcy court's sole discretion. *See, e.g., In re Chung King, Inc.,* 753 F.2d 547, 549 (7th Cir.1985).

6. The Bankruptcy Court abuses its discretion when either (1) its decision is based on erroneous conclusions of law, (2) its factual findings are clearly erroneous, or (3) when the record contains no evidence to support the judge's conclusions. *See In re AM Int'l, Inc.,* 67 B.R. 79, 81 (Bankr.N.D.Ill.1986).

7. Rule 4(m) provides:
 If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.....
 Fed.R.Civ.P. 4(m).

The Tenth Circuit has recognized that the amended rule "substantially expand[s] the scope of the district court's discretion." *Espinoza v. United States,* 52 F.3d 838, 839 (10th Cir.1995). In particular, "former Rule 4(j) allowed the district court to extend the time ... only upon a showing of 'good cause.' The district court was otherwise directed to dismiss the case." *Id.* at 840. Under Rule 4(m), however, plaintiffs who fail to show "good cause"—thus entitling them to a mandatory extension of time—"may still be granted a permissible extension of time within the district court's discretion." *Id.* at 841.

Of particular relevance to this court's analysis, the *Espinoza* court confirmed that "this court's cases that interpret 4(j) remain unaffected insofar as they provide guidance in determining whether good cause has been shown." *Id.*

8. Several recent cases confirm that Rule 4(j) (1990), and not the more discretionary Rule 4(m), must be applied in bankruptcy cases. *See, e.g., In re Van Meter,* 175 B.R. 64, 69 (9th Cir. BAP 1994) (stating that, despite amendment, Rule 4(j) applies in bankruptcy proceedings and action must be dismissed absent showing of good cause); *In re Williams,* 178 B.R. 255, 257–59 (Bankr.D.Mont.1995) (first applying Rule 4(j)'s "good cause" standard, but later applying the *Pioneer* "excusable neglect" factors based on the bankruptcy court's *discretion* to invoke Bankruptcy Rule 9006(b)(1)); *In re Anderson,* 179 B.R. 401, 403–04, 404 n. 6 (Bankr.D.Conn.1995) (requiring application of Rule 4(j)); *In re Sciarretto,* 170 B.R. 33, 36 n. 6 (Bankr.D.Conn.1994) (noting that despite amendment of Rule 4, "dismissal remains mandatory in bankruptcy adversary proceedings, absent good cause"). In reference to the continued application of Rule 4(j) in bankruptcy cases, one court noted:

opinion in *Pioneer.* Specifically, Appellant maintains that *Pioneer* effectively decrees that the good cause standard of Rule 4(j) now equates to an excusable neglect standard.

The court finds nothing in *Pioneer* that compels such a result. Indeed, the issue in *Pioneer* was singular: What is the meaning of excusable neglect under Bankruptcy Rule 9006(b)(1)?[9] *See Pioneer*, —— U.S. at ——, 113 S.Ct. at 1494 (noting need to resolve "the conflict in the courts of appeals over the meaning of 'excusable neglect' ").[10] In its reasoning, the Court neither stated nor intimated that its "excusable neglect" analysis spilled over into Rule 4(j) "good cause." Consequently, extension of *Pioneer*'s analysis and holding in the manner that Appellant suggests is unwarranted, particularly since it would effectively read the term "good cause" out of Rule 4(j). Such a result is inconsistent with post-*Pioneer* and post-Rule 4(m) bankruptcy authority, which clearly specifies that good cause *must* be shown under Rule 4(j). *See supra* note 8 and accompanying text (discussing continued applicability of Rule 4(j) good cause standard).

Furthermore, this court's determination is in accord with *In re Dufour*, 153 B.R. 853 (Bankr.D.Minn.1993), which confronted this same issue. In rejecting *Pioneer*'s application to Rule 4(j), that court succinctly stated:

> I find nothing in the *Pioneer* opinion suggesting that the flexible view of "excus-

able neglect" applied to Bankruptcy Rule 9006(b) should also apply to "good cause" under Rule 4(j). The term good cause makes no reference to negligence or inadvertence. Furthermore, Rule 4(j) is concerned with compelling plaintiffs' lawyers to act diligently, not with the equitable policies that underlie the Chapter 11 process and the Bankruptcy Rules. Finally, since the term excusable neglect is used in Rules 6(b), 13(f), 60(b)(1) and 60(b)(6), such term certainly would have been used in Rule 4(j) had the drafters intended the same standard to apply.

*Id.* at 857.

Finally, it is clear that Rule 4(j) and the rule on which *Pioneer*'s analysis focused—Bankruptcy Rule 9006(b)(1)—are distinct rules. A party *may* employ Bankruptcy Rule 9006(b)(1) to petition the bankruptcy court for an enlargement of time after expiration of the specified period. By doing so, a party *might* potentially avoid Rule 4(j)'s harsh result. There is no evidence, however, that Appellant followed this course. Accordingly, the bankruptcy court was not obligated to apply the *Pioneer* excusable neglect factors.

## B. Application of "Good Cause" Standard.

 The court also finds that the bankruptcy court did not abuse its discretion in

---

Thus the effect of Fed.R.Bank.P. 7004(g)'s "freezing" of incorporated Fed.R.Civ.P. 4(j) in its 1990 form creates a seemingly anomalous disparity in application of Rule 4(j) (presently, Fed.R.Civ.P. 4(m)) between the Bankruptcy and District Courts, i.e., *the District Courts, but not the Bankruptcy Courts, may relieve a plaintiff from the harsh effect of a defective service-induced dismissal even if good cause is not demonstrated.*

*In re Anderson*, 179 B.R. at 404 n. 6 (emphasis added).

The court also located one bankruptcy case that has applied Rule 4(m) rather than Rule 4(j). *See In re Hamrah*, 174 B.R. 109 (Bankr.W.D.Mo. 1994). However, a careful reading of this case discloses that the court inexplicably neglected to consider Bankruptcy Rule 7004(g), which requires application of the version of Rule 4 which was in effect on January 1, 1990, "notwithstanding any amendment . . . subsequent thereto."

9. Bankruptcy Rule 9006(b)(1) provides in relevant part:

... when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period* permit the act to be done *where the failure to act was the result of excusable neglect.*
Fed.R.Bankr.P. 9006(b)(1) (emphasis added).

10. In contrast to the narrow approach of several of the courts of appeals, the Court pointed out that the Tenth Circuit applied "a more flexible analysis" to the meaning of excusable neglect. *Pioneer*, —— U.S. at —— n. 3, 113 S.Ct. at 1494 n. 3 (citing *In re Centric Corp.*, 901 F.2d 1514, 1517–18, *cert. denied sub nom. Trustees of Centennial State Carpenters Pension Trust Fund v. Centric Corp.*, 498 U.S. 852, 111 S.Ct. 145, 112 L.Ed.2d 112 (1990)).

finding that Appellant failed to meet her burden of proof in establishing good cause.[11] Indeed, such result is consistent with relevant authority and the factual evidence before that court.

It is significant that Rule 4(j) does not define "good cause," and that the legislative history of Rule 4 cites a defendant's evasion of service as the only example of "good cause." *See Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407, 411 (D.Utah 1993), *aff'd*, 25 F.3d 1056 (10th Cir.1994) (citing *Wei v. Hawaii*, 763 F.2d 370, 371 (9th Cir.1985) (per curiam) (citing 1982 U.S.C.C.A.N. 4434, 4446 n. 25)). However, it is possible to identify several general considerations that weigh heavily here. First, a plaintiff bears the burden of showing good cause to avoid dismissal. *See Cloyd*, 151 F.R.D. at 410 (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir.1985)). Furthermore, " 'the 'good cause' provision of Rule 4(j) should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule.' " *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir.1994) (quoting *In re City of Philadelphia Litig.*, 123 F.R.D. 512, 514 n. 2 (E.D.Pa.1988)). In addition, under Rule 4(j) "good cause," the court should give no consideration to such equitable concerns as actual notice to the defendant, lack of prejudice to the defendant, or prejudice to a plaintiff whose complaint would be time-barred.[12] *Id.* at 1438–39 & 1438 n. 5; *see also Cloyd*, 151 F.R.D. at 410 n. 5 (stating that "after the adoption of Rule 4(j), prejudice is simply not a relevant consideration"). Also, as a policy consideration, "in construing and applying Rule 4(j), this court is aware that ' "[t]he rule is intended to force parties and their attorneys to be diligent in prosecuting their causes of action." ' " *Cloyd*, 151 F.R.D. at 410 (citations omitted). Finally, it is well-established that "[a] pro se litigant is still obligated to follow the requirements of Fed. R.Civ.P. 4." *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993).

Most significantly, however, this court has previously determined that mere inadvertence or mistake are insufficient to meet Rule 4(j)'s good cause standard. *See Cloyd*, 151 F.R.D. at 411 (compiling list of authorities which overwhelmingly illustrate that ignorance of the rule, inadvertence, mistake of counsel, secretarial misdeeds, process servers' failure to perform, and mistaken belief do not constitute good cause). Indeed, *Cloyd* itself is one example of a case in which mistake and inadvertence were rejected as grounds for Rule 4(j) "good cause." In *Cloyd*, plaintiff filed a complaint, then waited 119 days before serving process. *Id.* Contrary to the requirements of Rule 4, however, the summons that was served was neither issued by the clerk of the court, nor was it either signed by the clerk or under seal of the court. *Id.* at 408. Instead, through either mistake or inadvertence, plaintiff's counsel signed the summons. *Id.* The district court found that such inadvertence failed to satisfy the "good cause" standard, and the Tenth Circuit affirmed.

A second example of the narrow application of Rule 4(j) "good cause" is found in *Cox v. Sandia Corp.*, 941 F.2d 1124 (10th Cir. 1991). There, counsel forwarded the summons to a process server six weeks before the expiration of the service deadline. *Id.* at 1124. Due to an injury, however, the process server did not serve the summons and also neglected to notify counsel of this until approximately two weeks after the service deadline. *Id.* Despite the process server's excuse, and despite the fact that plaintiff had no notice that the server would be unable to perform, the Tenth Circuit affirmed the district court's dismissal of the case. *Id.* In doing so, the court recognized that " 'to characterize inadvertence as good cause would allow an exception to swallow the rule.' " *Cox*, 941 F.2d at 1125 (citing holding in *Wei*, 763 F.2d at 372).

Certainly, both *Cox* and *Cloyd* vividly illustrate the wisdom of the caution voiced by one

---

11. Appellant has not specifically argued that the bankruptcy court erred in its "historical" "good cause" analysis.

12. These factors may apply when service on the United States is at issue. *See Despain*, 13 F.3d at 1438 n. 5.

commentator regarding Rule 4(j): " 'The lesson to the federal plaintiff's lawyer is not to take any chances. Treat the 120 days with the respect reserved for a time bomb.' " *Cloyd,* 151 F.R.D. at 414 (quoting David Siegel, *Practice Commentary on Amendment of Federal Rule 4 (Eff. Feb. 26, 1983) with Special Statute of Limitations Precautions,* 96 F.R.D. 88, 103 (1983)).

Based on these authorities and on the facts before the bankruptcy court, this court finds no error in the dismissal of Appellant's claim. As the *Cox* court astutely pointed out, "Rule 4 provides ample time to effect service." *Cox,* 941 F.2d at 1126. Thus, the proper focus here is not on whether Appellant miscalculated the deadline by one day, but instead on the generous 120 days that Appellant had in which to meet that deadline. Appellant's only explanation for her failure to effect service within the 120–day time limit is that she thought she had until September 20, 1994 to do so. Furthermore, Appellant admits that the mistake occurred after she had purposely delayed service for a minimum of 119 days. That Appellant was acting *pro se* is neither determinative nor persuasive. Even *pro se* parties are charged with knowledge of the rules, and it has not been disputed that Appellant was familiar with legal procedure. Therefore, this court finds no error in the bankruptcy court's ruling, and agrees that finding good cause under the facts as presented by Appellant "would render the good cause requirement meaningless and would defeat the purpose of Rule 4(j) in ensuring that plaintiffs and plaintiffs' counsel act diligently in prosecuting their causes of action." *See Cloyd,* 151 F.R.D. at 412.

## IV. *ORDER*

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. The Bankruptcy Court's order dismissing Appellant's claim is AFFIRMED.

2. Appellee is awarded his costs.