**CABLEVISION OF TEXAS III, L.P., Plaintiff–Appellee,**

v.

**OKLAHOMA WESTERN TELEPHONE COMPANY and Star Search Rural Television Co., Defendants–Appellants.**

No. 92–7115.

United States Court of Appeals, Tenth Circuit.

May 20, 1993.

Neal M. Goldberg of Hopkins & Sutter, Washington, DC (David W. Lee, Oklahoma City, OK, with him on the brief), for defendants-appellants.

Mark J. Palchick of Baraff, Koerner, Olender & Hochberg, Washington, DC (Douglas McBee of Milsten & Price, Oklahoma City, OK, with him on the brief), for plaintiff-appellee.

Before LOGAN, MOORE and ANDERSON, Circuit Judges.

LOGAN, Circuit Judge.

Defendants Oklahoma Western Telephone Company and Star Search Rural Television Co. appeal the district court's refusal to lift a permanent injunction forbidding them from constructing or operating a cable television system in Clayton, Oklahoma. We have jurisdiction under 28 U.S.C. § 1292(a)(1).

## I

This litigation commenced after defendants laid approximately 1500 feet of coaxial cable into an open trench in the town of Clayton, Oklahoma. Plaintiff Cablevision of Texas III, L.P., the current cable television provider in Clayton, learned of defendants' actions and immediately sought a temporary restraining order from the United States District Court for the Eastern District of Oklahoma. Plaintiff argued that defendants were constructing a cable television system without proper authorization from the Federal Communications Commission (FCC). The court agreed, and issued the temporary restraining order. Two weeks later, the court held that defendants were violating 47 U.S.C. § 214(c) by proceeding without an FCC certificate, and therefore granted a temporary injunction. The court made the injunction permanent on December 18, 1990, prohibiting defendants "from constructing a new line or extension on any line for cable television purposes until so authorized by the FCC or until further order of this court." Appellants' App. at 382.

Thus chastened, defendants obtained a ruling from the Chief of the Domestic Facilities Division of the FCC granting them permission to construct and operate a cable televi-

sion facility in Clayton, and petitioned the district court to lift the permanent injunction. Without explanation, the court declined to do so, and defendants appealed.

## II

■ The grant or denial of injunctive relief, as well as a refusal to dissolve or modify an existing injunction, is within the discretion of the district court, and its decision will not be reversed absent an abuse of that discretion. *Prows v. Federal Bureau of Prisons,* 981 F.2d 466, 468 (10th Cir.1992). "A court abuses its discretion if its decision is 'arbitrary, capricious, or whimsical.'" *Cox v. Sandia Corp.,* 941 F.2d 1124, 1125 (10th Cir. 1991) (quoting *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990)).

■ Section 214(c) of title 47 explicitly authorizes a district court to enjoin any "construction, extension, acquisition, operation, discontinuance, reduction, or impairment of service contrary to the provisions of this section" upon application by, inter alia, "any party in interest."[1] Therefore, because defendants had failed to comply with the certification procedures of § 214, the district court was within its jurisdiction in granting the injunction.[2]

Once defendants obtained the favorable ruling from the FCC, however, the basis for the injunction evaporated. In its own order, the district court had stated that the injunction would continue "until" authorization was obtained from the FCC. Plaintiff argues that the decision by the Domestic Facilities Division is not a final order and, therefore, continuance of the injunction is justified. The express language of the statute, however, along with the applicable regulations, belies this conclusion.

The Code of Federal Regulations delegates to the Chief of the Common Carrier Bureau "all functions of the Bureau." 47 C.F.R.

§ 0.291. The Domestic Facilities Division is a division of the Common Carrier Bureau. Section 1.102(b) states that decisions on non-hearing applications, such as defendants', are effective upon release, and that stays of such decisions pending review by the Commission are wholly discretionary. Further, review by the Commission is itself discretionary; the Commission need not hear the appeal. *Id.* § 1.115(g). The regulatory scheme indicates that non-hearing orders entered pursuant to delegated powers are "final" and may be enforced. *Cf. id.* § 1.104 (preserving the right of review of "final actions taken by members of the Commission's staff on non-hearing matters").

Any doubt that the order from the Domestic Facilities Division is final and may be relied upon by defendants is dispelled by § 214(c):

> After issuance of [the] certificate, and not before, the carrier may, *without securing approval other than such certificate,* comply with the terms and conditions contained in or attached to the issuance of such certificate and proceed with the construction, extension, acquisition, operation, or discontinuance, reduction, or impairment of service covered thereby.

47 U.S.C. § 214(c) (emphasis added). Thus the statute clearly provides that the carrier may proceed in compliance with the certificate once it is issued, regardless of any appeal that might be pending. Defendants concede that they proceed with construction at their own risk; their investment would be lost if the FCC, or an appellate court reviewing the agency action, were later to reverse the granting of the certificate. But this risk is theirs to bear if they so choose.

Issuance of the order from the Domestic Facilities Division entitled defendants to proceed with construction of a cable television facility in Clayton, and we are unable to

---

1. Plaintiff, as the current provider of cable services in the affected area, qualifies as a "party in interest."

2. Defendants' argument that the district court should have refrained from acting pursuant to the primary jurisdiction doctrine misses the mark. Had the district court purported to determine defendants' substantive rights to construct

a cable system in Clayton, then a conflict between it and the FCC might have been present, and the primary jurisdiction doctrine may have been applicable. However, the court merely noted defendants' failure to follow the statutory procedures and properly invoked its injunctive powers under § 214(c) to require defendants to obtain the necessary certification.

discern any principled basis upon which the permanent injunction could be left in place. We therefore conclude that the district court's failure to dissolve the permanent injunction was arbitrary and capricious, and thus an abuse of discretion. The decision of the district court is REVERSED, and the cause REMANDED with instructions to DISSOLVE the injunction barring defendants from constructing and operating a cable television franchise in Clayton, Oklahoma.