66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffery Dean COOPER, Plaintiff, Appellant,
v.
Charles SIMMONS, Kansas, Secretary of Corrections; Michael
A. Nelson, Director El Dorado Correctional Facility; Don
Martin, Library/Library Supervisor at EDCF for the KDOC;
Steven Kessler, Director of Legal Services for Prisoners,
Inc.; Steve Sherwood, attorney for Legal Services for
Prisoners, Inc., at the EDCF; Dale E. Saffels, District
Judge, United States District Court for the District of
Kansas; Sergeant Dutton; Sergeant Lair; Lt. Ingram;
Denis Yonts; (NFN) Donley; (NFN) Guterez, Defendants-Appellees.
 No. 95-3051.
(D.C.No. 94-3449-RDR).
 United States Court of Appeals, Tenth Circuit.
 Sept. 13, 1995.
 
 Before SEYMOUR, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 HENRY
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument. We grant the Plaintiff-appellant Jeffrey Cooper's request to proceed in forma pauperis and proceed to the merits.
 
 
 2
 Plaintiff-appellant Jeffrey Cooper, a prisoner incarcerated at the El Dorado Correctional Facility, brings this action pursuant to 42 U.S.C.1983 against various Kansas prison officials and United States District Judge Dale E. Saffels. Mr. Cooper alleges that the defendant officials violated his constitutional rights by retaliating against him for filing civil rights actions and grievances and by failing to provide him with access to legal materials and legal assistance.
 
 
 3
 After filing the complaint, Mr. Cooper filed a number of motions, including: a motion for leave to supplement his complaint, Rec. doc. 15; a motion for leave to supplement an exhibit filed with his complaint, Rec. doc. 14; a motion for appointment of counsel, Rec. doc. 6; a motion for seizure of property, Rec. doc. 16; a motion for appointment of a special master, Rec. doc. 7; a motion for a temporary restraining order and a preliminary injunction, Rec. doc. 9; a "Petition for a Writ of Habeas Corpus Ad Testificandum," Rec. doc. 12; a request for a subpoena, Rec. doc. 13; and a motion to dispense with the requirement of security, Rec. doc. 8.
 
 
 4
 The district court granted Mr. Cooper's requests to supplement the complaint and the exhibit to the complaint but denied the other motions. See Rec. doc. 17. Subsequently, Senior United States District Judge Richard D. Rogers entered an order dismissing Mr. Cooper's claims against Judge Saffels. See Rec. doc. 19.
 
 
 5
 Mr. Cooper now appeals these two orders. Except for the denial of Mr. Cooper's motion for a preliminary injunction, we lack jurisdiction to review the district court' rulings. With a few limited exceptions, we may only review district court orders that are final as to all issues and parties. See 28 U.S.C. 1291; Office of Personnel Management v. American Fed'n of Gov't Employees, AFL-CIO, 473 U.S. 1301, 1303 (1985) (holding that courts of appeal do not have jurisdiction to review district court decisions denying motions for temporary restraining orders). The rulings set forth in the district court's orders of January 17, 1995 and January 27, 1995 are rulings disposing of motions. They are not final as to all issues and parties and are thus not reviewable.
 
 
 6
 However, pursuant to 28 U.S.C. 1292(a)(1), we do have jurisdiction to review the district court's denial of Mr. Mr. Cooper's motion for a preliminary injunction for an abuse of discretion. See Cablevision of Texas III, L.P. v. Okla. W. Tel. Co., 993 F.2d 208, 210 (10th Cir.1993). In order to be entitled to a preliminary injunction, the moving party must establish: (1) that he will suffer irreparable injury unless the injunction is issued; (2) that the threatened injury to the moving party outweighs the injury that the injunction would cause the nonmoving party; (3) that the injunction would not be adverse to the public interest; and (4) that there is a substantial likelihood that the moving party will prevail on the merits. Resolution Trust Corp. v. Cruce, 972 F.2d 1195, 1198 (10th Cir.1992).
 
 
 7
 Here, Mr. Cooper seeks a preliminary injunction requiring the defendants to refrain from harassing him, to afford him access to a law library and various office supplies, and to remove him from segregation and return him to the general prison population. Rec. doc. 9. In support of his motion, Mr. Cooper has attached his affidavit as well as the affidavit of several other prisoners at the El Dorado Correctional Facility. See Rec. doc. 10. Each affidavit states that corrections officials have retaliated against the prisoners and have denied them access to legal materials and supplies. The district court denied Mr. Cooper's motion on the grounds that "he has failed to persuasively identify any irreparable injury he might suffer in the absence of the relief sought, and the actions which he seeks to deter involve matters either within the expertise of corrections officials, or hypothetical actions entirely without factual support, such as his request for an order barring future harassment and retaliatory conduct." Rec. doc. 17, at 2 n. 1.
 
 
 8
 We conclude that the denial of Mr. Cooper's motion for a preliminary injunction was proper, although for a reason other than those set forth by the district court. Under Fed.R.Civ.P. 65(a)(1), "No preliminary injunction shall issue without notice to the adverse party." Compliance with the notice requirement is mandatory, and the rule has constitutional as well as procedural dimensions. Parker v. Ryan, 960 F.2d 543, 544-45 (5th Cir.1992). In this case, there is no indication in Mr. Cooper's motion for a preliminary injunction or supporting brief that either document was served on the defendants. Additionally, the district court's docket sheet contains no indication that any of the defendants were served. Moreover, prior to the district court's ruling on the motion for a preliminary injunction, no attorney had entered an appearance for any of the defendants. In the absence of any indication that Mr. Moore complied with the requirements of Fed.R.Civ.P. 65(a)(1), we conclude that the district court did not abuse its discretion in denying Mr. Cooper's motion for a preliminary injunction.[2]
 
 
 9
 We therefore AFFIRM the district court's denial of injunctive relief and DISMISS the remainder of the appeal for lack or jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 We express no opinion as to the merits of the claims raised in Mr. Cooper's motion for a preliminary injunction. We note that in its January 17, 1995 order the district court directed the defendants to prepare a written report responding to Mr. Cooper's allegations and to attach this report to the defendants' answer to Mr. Cooper's amended complaint. Rec. doc. 17, at 4. Further proceedings in the district court will afford the parties an opportunity to resolve the issues raised by Mr. Cooper