949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald G. WAYMIRE, Plaintiff-Appellant,
v.
Gary D. MAYNARD; Neal J. Grover, Defendants-Appellees.
 No. 91-6072.
 United States Court of Appeals, Tenth Circuit.
 Nov. 27, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Donald Waymire appeals from the district court's denial of his Motion for Relief from Judgment or in the Alternative, Leave of Court to Appeal. Appellant originally brought an action against Defendants-appellees pursuant to 42 U.S.C. § 1983, alleging an invasion of privacy and violations of his due process and equal protection rights. Appellees filed a Motion to Dismiss. The district court, construing Appellant's various pleadings liberally as required by Haines v. Kerner, 404 U.S. 519 (1972), dismissed the complaint because it failed to state a claim and denied Appellant's request to amend his complaint. Over eight months later, Appellant filed his motion for relief. Construing it as a motion filed pursuant to Fed.R.Civ.P. 60, the district court denied the motion and denied Appellant's request to appeal.
 
 
 3
 Our review of the district court's denial of a Rule 60 motion is limited to whether the court abused its discretion in making its ruling. See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991). "The district court is vested with a great deal of discretion in its decision to grant or deny a Rule 60[ ] motion." Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1445 (10th Cir.1983). Appellant essentially seeks relief from the effect of the court's dismissal of his action and leave to file an amended complaint. Rule 60, however, cannot provide Appellant the second chance he now seeks. The extraordinary relief that Rule 60 provides is not a substitute for appeal, and the district court must consider it with the need for finality of judgments. Id. at 1444.
 
 
 4
 Following our careful review of the record on appeal and the parties' briefs, we conclude that the district court did not abuse its discretion in denying Appellant's motion. Therefore, for substantially the reasons set forth in the district court's Order dated January 2, 1991, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3