999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William M. WALKER, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF MUSKOGEE COUNTY, OKLAHOMA,
Defendant-Appellee.
 No. 92-7148.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1993.
 
 Before SEYMOUR, ANDERSON, and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 The plaintiff, William M. Walker, filed the underlying action in the U.S. District Court for the Eastern District of Oklahoma alleging a violation of 28 U.S.C. § 1983. He alleged that, following a foreclosure action in state court, funds owing to him were prematurely disbursed to other parties in violation of his due process rights.[1]
 
 
 2
 The district court below dismissed the complaint finding that the plaintiff failed to state a claim and that the defendant was immune from suit. The plaintiff appealed the dismissal to this court, and we affirmed and remanded for consideration of an award of attorneys fees and sanctions.
 
 
 3
 The plaintiff subsequently filed a petition for rehearing en banc which clarified the theory upon which he predicated his action. In our order denying the plaintiff's petition for rehearing we set forth in greater detail the deficiencies of his claims. Based on that order, the plaintiff filed a motion and supporting brief before the district court seeking leave to amend his complaint pursuant to Fed.R.Civ.P. 60(b) and 15(a).[2] The district court entered an order denying the plaintiff's motion for leave to amend and finding that attorney fees and sanctions were unnecessary. The plaintiff appeals the denial of the motion for leave to amend.
 
 
 4
 We review the denial of a 60(b) motion for an abuse of discretion. Thompson v. Kerr-McGee Refining Corp., 660 F.2d 1380, 1385 (10th Cir.1981) cert. denied, 455 U.S. 1019 (1982). "A court abuses its discretion if its decision is arbitrary, capricious, or whimsical." Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991) (internal quotations omitted). In his submissions to this court, the plaintiff does not affirmatively allege that the court below abused its discretion. Instead he makes general claims that relief under 60(b)(1) was appropriate on the grounds of mistake, inadvertence, or excusable neglect. He attempts to justify his failure to amend his pleadings on the fact that he was not aware of the deficiencies of his pleadings before this court issued its opinions on the direct appeal and the motion for rehearing.
 
 
 5
 Even if we were to agree with the plaintiff's argument that he should be allowed to amend his complaint, discretion is not ours to exercise. Rather, it was the province of the district court. In order to justify reversal, the plaintiff needed to show that the district court abused that discretion. This he has not done.
 
 
 6
 We find that the plaintiff had numerous opportunities to seek leave to amend his complaint.[3] He has not provided sufficient reasons for his failure to do so, and accordingly we find that the district court did not abuse its discretion when it denied his petition at this late stage of the litigation. AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Prior to filing this suit, Walker had brought an identical action in state court which was dismissed for failure to state a claim. The dismissal was affirmed by the Oklahoma State Supreme Court
 
 
 [2]
 Fed.R.Civ.P. 60(b) allows a court, in its discretion, to relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect ... or any other reason justifying relief from the operation of the judgment."
 Fed.R.Civ.P. 15(a) provides that a party may amend his pleading where leave is obtained from the court, and that leave is to be "freely given when justice so requires."
 
 
 [3]
 The plaintiff has litigated his claims in two jurisdictions over the course of nine years. He filed his original action in state court in 1984. That action was dismissed for failure to state a claim, and the dismissal was affirmed by the Oklahoma Supreme Court. The plaintiff then filed this action in the federal courts. The defendant filed a motion to dismiss on October 21, 1991, outlining deficiencies in the plaintiff's case. The plaintiff had until November 18, 1991, when the district court ruled on that motion, to seek leave to amend his complaint. He failed to do so. After his claim was dismissed by the district court, the plaintiff elected to proceed with a direct appeal to this court rather than seeking leave to amend