78 F.3d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Demetrio RODRIQUEZ, Petitioner-Appellant,
v.
Mike CARR, Attorney General of the State of Oklahoma,
Respondent-Appellees.
 No. 95-6346.
 United States Court of Appeals, Tenth Circuit.
 March 4, 1996.
 
 Before ANDERSON, BARRETT and LOGAN, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Demetrio Rodriquez (Rodriquez), an inmate of the State of Oklahoma[2], moves for leave to proceed on appeal in forma pauperis and for a certificate of probable cause, to challenge the district court's Order denying his Motion to Reconsider the court's Judgment adopting the magistrate judge's recommendation in dismissing his 28 U.S.C. 2254 petition for a writ of habeas corpus. We grant the motion simply in order to reach the merits.
 
 
 3
 In his district court petition, Rodriquez contended that (1) the state court denied him his liberty interest and due process of law when he was given a five-year deferral for his next parole reconsideration because at the time he committed his offenses, Oklahoma law permitted annual parole consideration but that this was changed by regulation, constituting an ex post facto violation; and (2) that the sentencing judge abuse his discretion by making an erroneous and independent inquiry, not based on Rodriquez's crime, but rather based on facts relating to other felons and because the judge did not believe that rehabilitation was available in prison.
 
 
 4
 The United States magistrate judge, in his Findings and Recommendation, found that Rodriquez's claim of a liberty interest in parole reconsideration was groundless, citing to Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979), for the rule that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." With regard to Rodriquez's argument that the constitutional prohibition of ex post facto laws was violated when the Parole Board gave him a 5-year deferral for parole reconsideration following initial consideration,[3] the magistrate judge cited to 51 Okla. Stat. 354.
 
 
 5
 Under 354, the Oklahoma Parole Board is empowered with such discretion "as the public interest requires." The magistrate judge pointed out the brutal, vicious circumstances surrounding Rodriquez's stabbing, raping and strangling of the female victim on August 3, 1977, whom Rodriquez attempted to kill and left with heinous, life-threatening wounds. The magistrate judge found that the seriousness of Rodriquez's offense was constitutionally sufficient reason for parole denial. Furthermore, the magistrate judge found that when Rodriquez committed his offenses on August 3, 1977, he was entitled to parole consideration only after he had served one-third of his sentence and that he has been so considered; he was not entitled to further consideration even if parole regulations were considered laws, inasmuch as there was no regulation annexed to the crime with which Rodriquez was charged and thus no retroactive showing of an ex post facto violation.
 
 
 6
 With regard to Rodriguez's allegation that the sentencing judge abused his discretion in making an erroneous and independent inquiry based on facts relating to other felons and because the judge did not believe that rehabilitation was available in prison, the magistrate judge found that this ground was abusive and should be dismissed because Rodriquez filed two prior habeas corpus petitions and failed to present this ground for relief. The magistrate judge relied on McCleskey v. Zant, 499 U.S. 467, 494-95 (1991), Gilbert v. Scott, 941 F.2d 1065, 1067-68, n. 2 (10th Cir.1991), 28 U.S.C. 2254 and Rule 9(b). Further, the magistrate judge found that Rodriquez could not prove cause or prejudice and that he is not factually innocent of his crimes.
 
 
 7
 On appeal, Rodriquez contends that the district court erred in: (1) relying upon the magistrate judge's finding that he (Rodriquez) should be denied relief on his assertion that the sentencing court abused its discretion, on an abuse of the writ basis, (2) relying on the magistrate judge's finding that he had never claimed his actual innocence (he admits he committed the crime and is sorry that he did, but is nevertheless innocent of a life sentence), (3) upholding the Parole Board's setting of his parole date five years off as a miscarriage of justice, and (4) refusing to grant his Motion to Reconsider.
 
 
 8
 We review a district court's legal conclusions in dismissing a petition for a writ of habeas corpus de novo. Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993); Martin v. Kaiser, 907 F.2d 931, 933 (10th Cir.1990). "Legal conclusions and mixed questions of law and fact are reviewed de novo, although findings of fact underlying mixed questions are accorded the presumption of correctness." Manlove v. Tansy, 981 F.2d 473, 476 (10th Cir.1992). We review a denial of a motion to reconsider only for an abuse of discretion. Elsken v. Network Multi-Family Sec. Corp., 49 F.3d 1470, 1476 (10th Cir.1995); Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991).
 
 
 9
 We have reviewed the entire record on appeal. We AFFIRM for substantially the reasons set forth in the "Findings and Recommendation of United States Magistrate Judge" dated and entered June 13, 1995.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. Citation of unpublished orders and judgments is not favored. Nevertheless, an unpublished decision may be cited if it has persuasive value with respect to a material issue that has not been addressed in a published opinion and it would assist the court in its disposition. A copy of the decision must be attached to the brief or other document in which it is cited, or, if cited in oral argument, provided to the court and all other parties
 
 
 [2]
 Rodriquez is serving a life sentence following his conviction for First Degree Rape, with a concurrent 15 year sentence for Assault and Battery With Intent to Kill
 
 
 [3]
 The magistrate judge found that Rodriguez had exhausted his state remedies regarding this claim