**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANAH LEE BETHSCHEIDER,

　　Plaintiff - Appellant,

v.

WESTAR ENERGY,

　　Defendant - Appellee.

No. 19-3243
(D.C. No. 5:16-CV-04006-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **KELLY**, and **BACHARACH**, Circuit Judges.
_____

Plaintiff Danah Bethscheider sued Defendant Westar Energy, Inc. ("Westar"),

her former employer, for disability discrimination in violation of the Americans with

Disabilities Act (ADA), 42 U.S.C. §§ 12111–12117. She appeals from three orders

of the district court: the denial of her request to extend discovery, the denial of her

motion to amend the pretrial order, and the grant of Westar's motion for summary

judgment. We affirm the judgment of the district court.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Bethscheider worked as an Accounts Payable Analyst for Westar from January 27 to May 15, 2014. In that period, she missed all or part of twelve workdays, five of which were missed due to migraines. On May 15, 2014, Westar terminated Bethscheider. In its written record of the termination, Westar stated "Regular attendance is job related and consistent with our business needs. . . . Because [Bethscheider] is chronically, frequently, and unpredictably absent from work, management has determined she is unable to perform the functions of her job which is resulting in termination." Aplt. App. Vol. 1 at 109. Bethscheider asserts her direct supervisor, Vicki Shurtz, made statements on the day she was fired to the effect that Bethscheider's missed work due to her migraines was the reason for her termination. *Id.* Vol. 2 at 375; *see also id.* at 282–83. Bethscheider sued Westar, alleging her termination violated the ADA

After a conference in which both parties were represented by counsel, the district court entered a scheduling order specifying discovery was to be completed by September 5, 2017. On September 14, 2017, following another conference in which both parties, through counsel, participated, the court entered a final pretrial order. The order specified it would "not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice." *Id.* Vol. 1 at 24. On October 6, 2017, Westar moved for summary judgment. Bethscheider did not file a response until November 27, 2017, over a month out of time. *See* D. Kan. Civ. R. 6.1(d)(2) ("Responses to . . . motions for summary judgment . . . must

2

be filed and served within 21 days."). In its reply, Westar argued the response should be struck as untimely.

On May 18, 2018, due to disciplinary issues in an unrelated case, Bethscheider's attorney moved to withdraw. The court granted the motion three days later. On May 30, 2018, the district court struck the untimely response to the summary judgment motion and, on its own motion, extended Bethscheider 30 days to obtain new counsel, after which it would consider a motion to file a response to the motion for summary judgment out of time.

Bethscheider successfully obtained new counsel, who entered her appearance on July 16, 2018. By motion on July 27, 2018, through her new counsel, Bethscheider requested that the court not only grant her permission to respond to the motion for summary judgment out of time, but also to amend the pretrial order and extend discovery. Bethscheider sought to amend the pretrial order to assert additional claims for relief and request noneconomic and punitive damages. She sought an extension of the discovery cutoff so she could depose Defendant pursuant to Fed. R. Civ. P. 30(b)(6).

On March 20, 2019, the court granted the request to respond to the motion for summary judgment but denied the requests to reopen discovery and amend the pretrial order. Bethscheider's new counsel filed a response opposing the motion for summary judgment on April 19, 2019. The court granted the motion on December 31, 2019. This appeal follows.

3

## ANALYSIS

**A.      Motions to Amend the Pretrial Order and Extend Discovery**

Bethscheider asserts the district court erred in denying her motion to reopen discovery and amend the pretrial order.  We disagree.  "[T]he district court has wide discretion in its regulation of pretrial matters."  *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).  Therefore, "[w]e review the court's decision precluding the reopening of discovery for an abuse of discretion."  *Id.*  Likewise, we review a denial of a motion to amend the pretrial order for an abuse of discretion. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1216 (10th Cir. 2000).  An abuse of discretion occurs where the court's decision is "arbitrary, capricious, or whimsical." *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (internal quotation marks omitted).  We will not disturb the trial court's decision without "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986).

In its March 20, 2019 order, recognizing the unique circumstances of the case, the district court balanced fairness to Bethscheider, whose prior counsel had withdrawn due to disciplinary issues, with fairness to Westar, which should not be penalized for circumstances outside of its control.  Bethscheider is bound by the actions and/or mistakes of her prior counsel, including his inexplicable failure to conduct discovery or advance potentially meritorious claims.  Bethscheider "voluntarily chose this attorney as [her] representative in the action, and [s]he cannot

4

now avoid the consequences of the acts or omissions of this freely selected agent." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962).

Bethscheider's prior counsel had over five months to conduct any necessary discovery, an amount of time which was sufficient for Westar to complete the same. Likewise, Bethscheider's prior counsel had the opportunity to enumerate whichever legal theories and damage claims he deemed most suitable for his client's cause prior to entry of the September 14, 2017, pretrial order. Under these circumstances, the district court acted well within the bounds of permissible choice in declining to reopen discovery or alter the pretrial order at the request of subsequent counsel, and so it did not abuse its discretion in denying Bethscheider's motions.

**B.     Motion for Summary Judgment**

Bethscheider also asserts the district court erred in granting Westar's motion for summary judgment. We disagree. "We review summary judgment decisions de novo, applying the same legal standard as the district court." *May v. Segovia*, 929 F.3d 1223, 1234 (10th Cir. 2019) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (internal quotation marks omitted).

5

The ADA prohibits discrimination in employment against "qualified individual[s] on the basis of disability." 42 U.S.C. § 12112(a). Thus

> [t]o establish a prima facie case of discrimination under the ADA, a plaintiff must show (1) that he is disabled within the meaning of the ADA; (2) that he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) that he was discriminated against because of his disability.

*Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188 (10th Cir. 2003) (internal quotation marks omitted). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The court must consider "the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." *Id.* "We will not second guess the employer's judgment when its description is job-related, uniformly enforced, and consistent with business necessity." *Mason v. Avaya Commc'ns, Inc.*, 357 F.3d 1114, 1119 (10th Cir. 2004).

The district court concluded Westar was entitled to summary judgment because, assuming without deciding Bethscheider's migraine condition was a disability within the meaning of the statute and that she was fired because of that condition, she was not a "qualified individual" because attendance was an essential function of the Accounts Payable Analyst position. *See Punt v. Kelly Servs.*,

6

862 F.3d 1040, 1051 (10th Cir. 2017) ("Physical attendance in the workplace is itself an essential function of most jobs, and an employee's request to work from home is, as a matter of law, unreasonable if the employer has decided that physical presence at the workplace is an essential function of the position." (internal quotation marks, citation, and brackets omitted)). Schurtz attested that attendance was an essential function of the position because the job responsibilities often required immediate communication with vendors and employees, for example, about company credit card issues. The written job description for the position described the "Scheduled Work Hours" as "Monday – Friday, 8:00 am to 5:00 pm," and "Working Conditions" as "Normal office working conditions. Must have a satisfactory work record including good attendance." Aplt. App. Vol. 1 at 98–99. The court rejected Bethscheider's contentions that she was "qualified" if accommodated with a flexible schedule, the option to work from home, and/or intermittent leave whenever she experienced migraines, concluding such accommodations were unreasonable as a matter of law on the summary judgment record.

On appeal, Bethscheider argues the district court erred because it did not distinguish between "some . . . attendance," "sufficient attendance," and "attendance that is in compliance with an employer's attendance policy." Aplt. Br. at 22 (emphasis omitted). She concedes "sufficient" attendance was an essential function of her position but contends a genuine issue of material fact exists as to whether she could have provided sufficient attendance to Westar and therefore perform the essential functions of an Accounts Payable Analyst. Bethscheider asserts such an

7

issue exists because (1) she was never provided a written attendance policy, (2) she was not disciplined for absenteeism until her termination, (3) she was told she would have "flex time," allowing her to make up hours missed outside the normal schedule, and (4) she was not told her absences were unacceptable to Westar at the time she took them.

Bethscheider, however, relies exclusively on her own affidavit and deposition testimony relating her personal experiences at Westar to support these contentions. Even taking her claims as true and construing them in the light most favorable to her, this type of testimony, on its own, does not create a genuine issue of material fact on the question of whether certain job duties are essential. *See Mason*, 357 F.3d at 1122 ("We are reluctant to allow employees to define the essential functions of their positions based solely on their personal viewpoint and experience."). Because no genuine issue of material fact exists on the question of whether Bethscheider could perform an essential function of her job (i.e. sufficient attendance), the district court correctly concluded she was not a "qualified individual" entitled to protection under the ADA, and properly entered summary judgment in favor of Westar.

**CONCLUSION**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge